GRADY v. SULLIVAN.

1. PLEADING—BILL OF PARTICULARS—CONTRACTS—DAMAGES.
   An item in a bill of particulars, in an action commenced
   before a justice of the peace, claiming damages for injury
   done to lots by defendant in lowering the same, by the removal
   of gravel, below the street and alley grade, in violation of the
   contract under which the gravel was sold, is sufficient to
   permit a recovery in the circuit court of the cost of refilling
   the lots; and such cost, and not the depreciation in the value
   of the lots, is the proper measure of damages.

2. JUSTICES OF THE PEACE—RIGHT TO ACT AS ATTORNEY.
   Since the justices of the peace elected under the act "relative
   to justices' courts in the city of Grand Rapids" (Act No. 306,
   Local Acts 1893, as amended) hold separate courts and have
   separate records, neither is disqualified, by virtue of his office,
   from acting as attorney in the circuit court in an action ap-
   pealed from the other justice.[1]

Error to Kent; Grove, J. Submitted February 10,
1897. Decided April 27, 1897.

*Assumpsit* by Mary Grady against John Sullivan and
others upon a contract for the sale of gravel. From a
judgment for plaintiff, defendants bring error. Af-
firmed.

*McBride & McBride*, for appellants.

*E. J. Doyle* (*Charles A. Watt*, of counsel), for ap-
pellee.

LONG, C. J. The plaintiff was the owner of two lots
and a house on Butterworth avenue, and three vacant
lots on Gunnison street, in Grand Rapids. Upon these
lots was a quantity of valuable gravel, which the defend-

---

[1] By section 11 of the act, said justices are prohibited from acting
as attorney in any suit or proceeding "within the jurisdiction of said
courts."

ants desired to purchase. On October 28, 1893, they entered into a written contract with plaintiff for the gravel on the lots on Butterworth avenue, for which she was to receive $300, of which James Grady was to be paid $100, and the balance to be paid her in installments as defendants received their pay from the city for grading West Wealthy avenue, and the balance when the grading was done; and, in addition to these payments, defendants were to move the building owned by James Grady about 20 feet, and rebuild the stone wall the same size and dimensions. They were also to lower two dwelling houses, to establish a grade as given by Mrs. Grady, and to furnish 50 loads of top earth to cover the lots; all work to be done in a good and workmanlike manner. About the same date the parties entered into an oral contract by which the defendants purchased from the plaintiff the gravel on the Gunnison-street lots at eight cents a load; they to take the lots down to a grade even with the alley in the rear, and to stop taking gravel therefrom when directed by the plaintiff. This suit is brought to recover the price of the gravel, and for the failure of defendants to fulfill the terms of the contract, and for damages to one of the dwelling houses and the lots mentioned. The bill of particulars filed is as follows:

| | |
|---|---|
| Balance due for gravel sold defendants | $74 00 |
| Damage done to dwelling house by defendants in moving and lowering same | 45 00 |
| Damage done to lots by defendants in lowering same below the street and alley grade, and in leaving the surface of same irregular and uneven | 40 00 |
| For sidewalk | 15 00 |
| | $174 00 |

Defendants pleaded the general issue, and gave notice of set-off, filing a bill of particulars of the same.

The claim of the plaintiff on the trial was that defendants, where they found a vein or layer of gravel, would excavate to great depth, and, where no gravel was found, would not work it, so that it left the lot uneven and hilly; that, in moving and resetting the house, the work was

carelessly and hurriedly done; that a large piazza, which had been separated from the house before moving, had been moved back against the house, leaving it loose and not level, and carelessly propped up with temporary supports; that the house was improperly supported with walls and underpinning, letting the floors sag and remain loose; that the fences, sidewalks, and cellar stairs were destroyed, the rear piazza or platform left hanging without supports, and other defects of like character; that, while matters were in this condition, defendants informed the plaintiff that the contract was completed, and presented her with a statement which brought her in debt to them in the sum of $11.24. As to the Gunnison-street lots, plaintiff claims that the work had not been fully completed, in that many places had been excavated much deeper than should have been, and that defendants had neglected to refill properly with earth.

The suit was commenced in justice's court, and there tried, and on appeal to the circuit, before a jury, a verdict was rendered in favor of the plaintiff for the sum of $128.

1. Defendants contend that no evidence was admissible as to the damages to the Gunnison-street lots, as they are not mentioned in the declaration and bill of particulars. The declaration in justice's court was oral, and is not to be very strictly construed; but, whatever defects there may have been in that regard, we think the bill of particulars sufficiently specific to enable the plaintiff to recover on the Gunnison-street lots.

2. It is contended that no evidence was produced by the plaintiff in support of the item in her bill of particulars as "balance due for gravel sold defendants." We think there was some evidence to go to the jury on that question.

3. It is contended that, in regard to the filling of the lots, the measure of damages is not the value of the material it would take to fill them up even with the alley, as graded, but the depreciated value of the property, if any. This contention cannot be sustained. Defendants had agreed by their contract to refill these lots, or, rather, to

grade them down to the alley grade, and to do it in a good and workmanlike manner. This, the plaintiff contends, they failed to do. They did not restore the lots to a level, as was their duty under the contract, and the plaintiff's damages would be what it would cost to put the lots in the condition in which the defendants agreed to leave them. This was the measure applied, and, we think, properly.

4. But defendants contend that there is no item in the bill of particulars setting forth anything but damage to the lots by reason of lowering them below the alley and street level. We think the pleadings were specific enough to allow a recovery for the cost of leveling the lots.

5. It is contended further that the plaintiff received payment in full for all gravel taken from these lots, and now claims damages for taking it below a certain grade; that she cannot accept payment in full for gravel taken below grade, and also claim damages for not refilling, unless she relies on the contract to refill, and that, if she does so rely, she fails, because she has neither declared on that latter contract, nor included a claim therefor in her bill of particulars. We think this claim is covered by the third item of the bill of particulars, and that defendants cannot have been taken by surprise upon the trial by the demand made.

6. It is contended that the declaration and bill of particulars do not cover the Gunnison-street lots at all, as no allegation of said oral contract, or any breach thereof, is made. As we have said upon the other claim, the third item of plaintiff's bill of particulars must have referred to the Gunnison-street lots as well as to the others. It is general in its items, and charges damages for lowering the lots below the street and alley, and leaving the surface irregular and uneven. There was evidence given by the plaintiff which tended to support plaintiff's several claims, and we think the court properly submitted them for the consideration of the jury.

7. One further claim is made. It appears that one

Charles A. Watt assisted counsel for the plaintiff in the trial of the case.   At the commencement of the trial, counsel for defendants objected to Mr. Watt's appearing in the case, as he was one of the justices of the police court and justices' court of the city of Grand Rapids.   The specific objection made was that the justices' court is a combined court of two justices, and that this cause had been tried before the other justice.   This objection was overruled, and upon that ruling defendants assign error.   It does not appear that there is any provision of the statute prohibiting justices of the peace from engaging in the trial of causes. It did appear that the two justices held separate courts and had separate records, and it was not claimed that Mr. Watt had anything whatever to do with the trial of this case in justice's court.   The court very properly overruled this objection.

From a full examination of the record, we are satisfied that the case was fairly tried and submitted, and the judgment must be affirmed.

The other Justices concurred.