(170 App. Div. 218)

### ALONG–THE–HUDSON CO. v. AYRES.

(Supreme, Court, Appellate Division, First Department. December 3, 1915.)

1. CONTRACTS ⬅︎319—BUILDING CONTRACTS—LIABILITY FOR EXTRA WORK—NONCOMPLETION OF CONTRACT.

A building contractor's failure to complete the contract did not preclude it from recovering for extra work, labor, and materials outside of and beyond the scope of the contract, furnished at defendant's special instance and request.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. ⬅︎319.]

2. CONTRACTS ⬅︎232—BUILDING CONTRACTS—CONSTRUCTION—EXTRA WORK.

A building contract in the main contract contained no provision regarding extra work, but attached thereto were six distinctive sets of specifications, covering electric work, painting, carpentering, etc. In the specifications covering carpentering there was a provision that no extra work would be paid for unless the price had been previously decided upon and the work ordered by the architect. *Held*, that this applied only to the work covered by that particular set of specifications.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. ⬅︎232.]

3. DAMAGES ⬅︎120—BUILDING CONTRACTS—FAILURE TO COMPLETE—MEASURE OF DAMAGES.

Where a building contractor failed to complete a contract with defendant, the measure of damages was the difference between the contract price and the actual cost to defendant of completion, and it was error to

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

allow defendant to recover the entire expense of repairing and correcting faults, errors, and omissions, without deducting the contract price.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–395; Dec. Dig. ⊚ 120.]

Appeal from Judgment on Report of Referee.

Action to foreclose a mechanic's lien by the Along-the-Hudson Company against Charles H. Ayres. From a judgment entered on a report of a referee, dismissing the complaint on the merits, and awarding the defendant an affirmative judgment on his counterclaim, plaintiff appeals. Reversed, and judgment directed.

See, also, 168 App. Div. 944, 153 N. Y. Supp. 1104.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

McKelvey & Favour, of New York City (Paul Armitage, of New York City, of counsel), for appellant.

Lawrason Riggs, Jr., of New York City, for respondent.

CLARKE, J. Plaintiff and defendant entered into a contract whereby the plaintiff agreed to furnish the materials and labor and to build and erect a dwelling house on the real property described in the complaint for the defendant. The first cause of action alleged in the complaint is for the amount of the balance alleged to be due upon said contract. The first cause of action was dismissed upon the ground that the plaintiff had failed to complete. No question is raised upon this appeal as to the propriety of such dismissal.

[1] The second cause of action was for $2,005.52, the value of labor and materials, not specified or included in the written contract, furnished at the special instance and request of the defendant, and for which he promised and agreed to pay. This cause of action was likewise dismissed, upon the ground that by reason of the failure of the plaintiff to fully or substantially perform the contract herein plaintiff was not entitled to receive the moneys claimed on account of the alleged extras incident to said contract. The referee found as matters of fact that between the 20th day of September, 1909, and the 1st day of January, 1911, at the special instance and request of the defendant, plaintiff performed certain extra work and furnished said extra materials consisting of the following items (enumerating them); that all of the said extra work and materials were furnished by the plaintiff at the special instance and request of the defendant; and that a fair and reasonable value of the same is $605.47.

[2] There was no provision in the main contract in regard to extra work. Attached thereto were six distinct and separate sets of specifications, covering electric work, painting, plumbing, carpenter, heating, and mason. The only one of these that referred in any way to extra work was the carpenter. This read:

"*Extra Work*. No extra work or charges therefor will be paid for unless price shall have been previously decided upon and the work ordered by the architect."

This provision, of course, was confined to the subject of the particular specification, to wit, carpenter's work, and the referee has spe-

cifically found that extra work, labor, and materials were furnished at the special instance and request of the defendant. It is clear that the items specified by him, and for which he has found a reasonable value of $605.47, were outside of and beyond the scope of the contract. In Mitchell v. Dunmore Realty Co., 156 App. Div. 117, 141 N. Y. Supp. 89, affirmed 213 N. Y. 669, 107 N. E. 1081, in an action to foreclose a mechanic's lien the Special Term had dismissed the complaint, first, as to the contract work, and, second, as to the extra work on the ground that it was governed by the contract and was not payable until the contract work had been completely performed. This court said:

"It being conceded that the plaintiff did not complete, the court was justified in deciding against the plaintiff in so far as his cause of action was for a recovery for work done under the contract. But the plaintiff proved a large amount of extra work entirely outside the contract, performed upon the express orders of the defendant Murray. No claim was made upon the trial that this extra work was not done properly, at Murray's request, nor as to the price thereof as stated. This claim was also disposed of by the trial court upon the same basis as the claim for work under the contract. Here, we think, was error. There is no provision whatever in the contract governing extra work, nor is extra work mentioned or alluded to or provided for. Hence, being extra work, and being outside of the contract, it could not come within the provisions thereof, or be governed by the clause in regard to payment upon full completion. * * * Clearly a great part of the extra work sued for comes within the definition in Shields v. City of New York, 84 App. Div. 502 [82 N. Y. Supp. 1020], as 'work arising outside and entirely independent of the contract—something not required in its performance'—and as to such work plaintiff is entitled to recover, although he did not complete his contract. Woodward v. Fuller, 80 N. Y. 312; Garnsey v. Rhodes, 63 Hun, 632, 18 N. Y. Supp. 484, affirmed 138 N. Y. 461 [34 N. E. 199]. See, also, Hedden Construction Co. v. Rossiter Realty Co., 136 App. Div. 601 [121 N. Y. Supp. 64]."

Upon the authorities cited, the dismissal of the second cause of action was error.

[3] The defendant in his answer counterclaimed his damages for the failure by plaintiff to complete. The referee found that by reason of the plaintiff's failure to complete the defendant had been put to and incurred the expense of repairing and correcting certain of the faults, errors, and omissions of said contract in the amount of $1,004.25. Although he had dismissed the claim for extra work as a cause of action, he allowed the amount found by him—to wit, $605.47—therefor as an offset, and directed judgment for defendant for the difference, namely, $398.78. In this regard the court applied an erroneous rule. The correct rule of damages on failure to complete is the difference between the contract price and the actual cost to the defendant of completion. The unpaid balance of the contract price was $878.69. Deducting that amount from the entire sum found by the referee to have been paid by the defendant for completion leaves $125.56 as the amount that should have been awarded on the counterclaim. Deducting this from the amount of the extra work as found shows a balance due to the plaintiff of $479.91, for which judgment should have been entered for the plaintiff.

Accepting the referee's findings of fact, the judgment appealed from, and the following conclusions of law, the fifth, ninth, thirteenth, four-

teenth, and the fifteenth, should be reversed, and proper findings in lieu thereof, as indicated in this opinion, presented, and judgment should be entered for the plaintiff for said sum of $479.91, with costs and disbursements to the appellant. Settle order on notice. All concur.