THE ELMOHAR COMPANY, Respondent, *v.* JESSE S. PHILLIPS and PETER J. COLLINS, Substituted as Receivers of the PEOPLES SURETY COMPANY OF NEW YORK, Appellants.

First Department, May 16, 1919.

Guaranty and suretyship — building contract — when surety for faithful performance of building contract not released by acceptance by owner of orders to subcontractors payable out of installment to become due — waiver of default as to time of completion — payments prior to notice by owner that it would complete building cannot be recovered as part of cost of completion.

The acceptance by an owner of real estate of orders given to subcontractors and payment thereof out of an installment before due, does not constitute an advance payment, but is in effect a loan for the contractor upon the security of the future installment, and does not release the surety, because the acceptance of said orders did not vary the contract nor injuriously affect said surety.

Default as to time of completion of a building contract is waived where the contractor continues the work and the owner makes payments under the terms of the contract.

Payments for materials, made before an owner of real estate gave notice that it would complete a building contract, cannot be recovered as a part of the cost of completion under a provision in the contract that if sufficient materials are not on the premises the owner may purchase the same and hold the contractor therefor, after three days' notice.

APPEAL by the defendants, Jesse S. Phillips and another, as receivers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of March, 1918, upon the report of a referee appointed to hear and determine the issues.

*Allan C. Rowe,* for the appellants.

*Alvin C. Cass* of counsel [*Cass & Apfel,* attorneys], for the respondent.

PAGE, J.:

The action was brought to recover from the surety upon a bond given to the owner of real estate to secure the faithful performance of a building contract. The contract called for the construction of two tiled roof stucco houses at Long Beach, L. I., known as houses 34 and 35. The contractor partly finished house 34, but failed to begin house 35. The action was commenced in January, 1911, and was first tried in February, 1912. The jury rendered a special verdict in favor of the plaintiff assessing the damages for the default on house 34 at $1,967.07 and on house 35 at $2,752. The verdict was set aside by the justice, and the complaint dismissed, and the judgment was affirmed in this court (*Elmohar Co. v. Peoples Surety Co.,* 158 App. Div. 932). On appeal to the Court of Appeals the judgment was reversed and a new trial ordered (217 N. Y. 289), upon the ground that although the evidence was so unsatisfactory as to the cost of completion of house 34 that judgment for an amount could not be granted upon that record, yet the complaint should not have been dismissed, as the plaintiff had suffered some loss, and that if the plaintiff in good faith contracted for the building of house 35, after the contractor's failure to construct, the plaintiff would be entitled to recover the difference between the cost of construction and the contract price. Owing to the fact that the latter contract called for the erection of a somewhat different kind of a house from the original contract, the plaintiff has withdrawn the claim as to house 35. When the cause came on for trial, the defendants made certain admissions in addition to those contained in the answer, and the cause was by consent sent to a referee to hear and determine. There is practically no dispute as to the facts. The amount expended was proved and as found by the referee the loss sustained by the plaintiff by the failure of the contractor to complete house 34 amounted to $2,058.89. The defendants on this trial raised two questions which were not raised upon the former trial, and rely upon

the two points for a reversal or modification of the judgment:

I. That the surety was discharged by an alleged breach in the conditions of the bond, in that plaintiff accepted two orders given to subcontractors and payable out of the fourth payment and paid same although the fourth payment was never earned by the contractor. .

II. That as the payments were made before the plaintiff notified the contractor and defendants that it would terminate the contract and finish the house and hold them liable for additional cost, they cannot be recovered as a portion of the cost of completion.

The defendants' claim that the surety was discharged is based upon a provision of the bond: " That all the covenants and agreements contained in the said contract, made by said obligee [plaintiff] and on its part to be kept and performed, for the protection and benefit of the said obligee and of said surety, shall be strictly kept and performed."

The contract provided for payments to be made in seven installments and only upon the certificate of William H. Reynolds. Before the third payment had been made the contractor gave an order upon plaintiff to pay to the order of one Marino, a mason, $82.90 to be paid out of the fourth payment. This order was accepted on July 12, 1910, immediately after the third payment had been made, and paid on July 21, 1910, before the fourth payment had been earned. On June 28, 1910, the contractor gave an order to the Edward E. Buhler Company for the sum of $700 payable out of the fourth payment. On July 29, 1910, the plaintiff paid $200 and a note for $500 in settlement of this order. The plaintiff, on August 3, 1910, wrote to the contractor and the surety that owing to the default of the contractor, it would proceed with the work and charge the cost of completion against the contract and the bond.

The general rule is that any material alteration in the contract releases the surety, and the appellants cite several cases in the Federal courts which hold that advance payments to the contractor where the contract provides for payments to be made in installments based on the progress of the work, release the surety. I am of opinion that the payments made by the plaintiff in the present case were not advance pay-

ments nor do they operate to discharge the surety. The payments were not made to the contractor but to subcontractors. They were in effect loans made by the plaintiff for the contractor, upon the security of the fourth payment. If the order had been held until the fourth payment was earned, the plaintiff would have deducted the amount from that payment and paid the orders. When the plaintiff paid the amount in advance of the fourth payment coming due, it assumed the risk of the payment not being earned. For this reason the contract was not varied nor was the surety injuriously affected by the payment. Our courts have held that unless the surety is injuriously affected, the surety is not released. (*St. John's College* v. *Ætna Indemnity Co.*, 201 N. Y. 335; *British American Tobacco Co., Ltd.*, v. *U. S. F. & G. Co.* 177 App. Div. 582.) Therefore, I am of opinion that the surety was not released by the payments.

The appellants claim that these payments were made for materials, and claim the right to recover therefor, upon the provision in the contract that if sufficient materials are not on the premises the owner had the right to purchase the same and hold the contractor. But the contract provides that the owner shall give three days' notice to the contractor to furnish the materials, and it is only in case of default after such notice that the owner has the right to purchase the materials. No such notice was given in this case.

The plaintiff further claims the contract provided that the building was to be completed on or before April 1, 1910, and on May 2, 1910, it notified the contractor that they had failed to complete within the time and that thereby the contract was terminated. This, however, is not correct, for after that time the contractor continued the work and payments were made by the owner under the terms of the contract. The default as to time of completion was thereby waived, the owner then only having the right to hold the contractor and the surety for damages for delay. (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324.)

I am further of opinion that as these payments were made before the plaintiff gave notice that it would complete the building the plaintiff cannot recover these payments as a part of the cost of completion.

The judgment should be modified by deducting the sum of $782.90 therefrom and as so modified affirmed, without costs.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concurred.

Judgment modified as stated in opinion and as so modified affirmed, without costs. Order to be settled on notice.