### ELIAS v. WRIGHT.

(Circuit Court of Appeals, Second Circuit.　November 16, 1921.)

#### No. 28.

1. **Appeal and error ☞999 (1)—Jury finding conclusive.**

   The finding of a jury on a question of fact is conclusive on the Circuit Court of Appeals.

2. **Damages ☞141—Pleading of particulars of damage unnecessary.**

   Complaint alleging a contract to put in the glass in the construction of a building, breach thereof, and damage from such breach, *held* sufficient, without alleging the particulars of the damage.

3. **Damages ☞120 (3)—Measure for breach of contract to put in glass in construction of building stated.**

   For breach of contract to put in glass in building being constructed, the measure of damages was the difference between the contract price and the actual cost of the completion of the work.

4. **Damages ☞5—General damages presumed to have ensued from breach.**

   The law presumes or implies that general damages have ensued from the wrongful act of the breach of contract.

5. **Damages ☞45—Cost of muslin placed in windows to preserve interior, on contractor's failure to glass in windows, held recoverable.**

   Where, because of delay caused by contractor's breach of contract to put in the glass in a building being constructed, it became necessary to put muslin in the windows of the building, so as to preserve the interior and machinery therein, the contractor was liable for the cost of putting in the muslin.

6. **Damages ☞120 (3)—Overhead charge of 6 per cent., allowed as item of damages for breach of contract, held reasonable.**

   In action for breach of contract to put in glass in construction of new building, overhead charge of 6 per cent., allowed plaintiff as an item of damages, *held* reasonable.

In Error to the District Court of the United States for the Eastern District of New York.

Action by Benjamin D. Wright against Joseph Elias for breach of contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Phillips & Avery, of New York City (Frank M. Avery and Earl A. Darr, both of New York City, of counsel), for plaintiff in error.

Joseph A. Arnold, of New York City (Joseph A. Arnold and Samuel I. Rosenman, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANTON, Circuit Judge. [1] The parties to this action on August 20, 1917, entered into a written contract, pursuant to which the plaintiff in error obligated himself to furnish, deliver, and set in place, including all putty, all glass of every description required to complete a large power house then in process of construction at Chester, Pa., known as the "Chester Waterside Station." The defendant in error agreed to pay for such work, labor, and services the sum of $12,700. The plaintiff in error breached this contract, by failing to carry out or attempting to carry out any of its provisions, and it became necessary for the defendant in error to furnish the material and perform the work. The questions of the breach of contract and the damages flowing therefrom were submitted to the jury, and a judgment has been entered in favor of the defendant in error for $8,995. The finding of the jury is conclusive upon us.

The two errors which have been assigned and argued on this appeal, were, first, the sufficiency of the complaint; and, second, the allowance of two items, one for overhead, and the other for the installation of muslin as a part of the construction work.

[2] The complaint sufficiently sets forth the making of the contract, the repudiation thereof, and the notification by the plaintiff in error of his unwillingness to perform. It alleges the failure to deliver or tender any of the materials specified in the agreement, and the failure to perform the work required thereunder. Paragraph 9 alleges that, before the trial, the defendant in error served upon the plaintiff in error a "certified itemized list of the expenses and damages sustained by the plaintiff by reason of the aforementioned failure and refusal on the part of the defendant to fulfill the aforesaid agreement." Paragraph 10 alleges a willingness on the part of the defendant in error to receive the materials and pay for the merchandise and services. Paragraph 11 alleges that the plaintiff has been damaged in a sum of money by reason of this default. If the pleading sets forth sufficient facts showing that there has been a breach of contract, and that the plaintiff has sustained damages as a result thereof, and demands judgment based thereon for the sum named, it is unnecessary to plead, in words, the particulars of the damage. Murphy v. Mitchell (D. C.) 245 Fed. 219; Howard Supply Co. v. Wells, 176 Fed. 513, 100 C. C. A. 70.

[3] If the defendant in error was entitled to recover because he performed the work, it is such reasonable sum as he was required to outlay for the purchase of the material and for the services necessary for the completion of the work contracted for with the plaintiff in error. Or, as it is sometimes stated, he may recover the difference between the contract price and the actual cost to the plaintiff in error for the completion of the work. Elmohar Co. v. Surety Co., 217 N. Y. 293, 111 N. E. 821; Along the Hudson Co. v. Ayres, 170 App. Div. 218, 156 N. Y. Supp. 58.

[4] The law presumes or implies that general damages have ensued from the wrongful act of the breach of contract. We think the complaint is sufficient to permit the recovery which has been had here.

[5] There was testimony that the actual cost of the glass and of putting it in place was $21,417.27, and, further, that this cost was a rea-

sonable cost. It was proved that it became necessary to put muslin in the windows of the building under construction, so as to preserve the interior and some machinery therein. It is objected, by the plaintiff in error, that such an item cannot be recovered. But it is due to the plaintiff in error's failure to carry out his contract, and the delay in completing the work, that it became necessary to provide this protection in the window frames, and it is proved that the defendant in error proceeded with reasonable dispatch to carry out the contract after the plaintiff in error's breach. Such protection was necessary and essential. It is an item of damage which flows from the plaintiff in error's breach.

[6] Error is also assigned for permitting a recovery for overhead expenses, which is an item included in the cost of the work to the defendant in error. It is now well recognized that contractors have an overhead expense. This varies with the size and character of the contract and the amounts involved. It is computable by experience. In this instance it is upon a basis of 6 per cent. Opportunity was accorded the plaintiff in error on the trial to refute, either by testimony or cross-examination, that such a charge was unreasonable. Its fairness was for the jury's consideration. We do not think that an overhead charge of 6 per cent. is unreasonable. We find no error in the record.

Judgment affirmed.