DOHERTY v. DETROIT FIDELITY & SURETY CO.

1. PRINCIPAL AND SURETY—ACTIONS OF OWNER AS EXCUSE FOR ABANDONMENT OF JOB BY CONTRACTOR.

In an action on a contractor's bond, where the contractor abandoned the job and the owners completed it, an instruction by the trial court that the acts of one of the

[1]Building and Construction Contracts, 9 C. J. § 195 (Anno).

owners were not such as to justify noncompletion of the job by the contractor, was correct.

2. SAME—OWNER'S INTERFERENCE QUESTION FOR JURY.

The question as to whether one of the owners told the contractor's help that no more money would be paid, thereby rendering performance impossible, excusing the contractor, and releasing the surety, was properly submitted to the jury.

3. SAME — DEPARTURES FROM SPECIFICATIONS AMICABLY AGREED UPON NO EXCUSE FOR CONTRACTOR'S ABANDONING JOB.

Demands of the owner contrary to the specifications, which were mutually recognized as proper departures and amicably agreed upon, may not be urged as excuse for the contractor's abandoning the job.

4. SAME—INTERFERENCE BY OWNER IN PETTY MATTERS NO EXCUSE FOR CONTRACTOR'S ABANDONING JOB.

Interference by one of the owners with the contractor's workmen in petty matters, *held*, not to excuse abandonment of the job by the contractor.

5. SAME—OWNER ENTITLED TO NOTIFY SURETY THAT MATERIALS ARE NOT BEING PAID FOR.

An owner has the right to investigate whether money paid the contractor for materials has been used to pay for same, and, on finding that it had not been so used, it was his duty to notify the surety, and the contractor may not make such action an excuse for abandoning the job on the ground that it impugned his credit.

6. SAME—OWNER ENTITLED TO FINISH JOB ABANDONED BY CONTRACTOR WHERE SURETY REFUSES TO DO SO.

Where the contractor abandoned the work without cause, and the surety refused to complete it, the owners had the right to do so and look to the surety for the expense thereof, not exceeding the penalty of the bond.

7. APPEAL AND ERROR—ERRORS ASSIGNED AND NOT ARGUED CONSIDERED AS ABANDONED.

Errors assigned upon the admission and exclusion of evidence not argued in the brief or at the oral argument must be considered as abandoned.

[2]Building and Construction Contracts, 9 C. J. § 195 (Anno); [3]Id., 9 C. J. § 61 (Anno); [4]Id., 9 C. J. § 61 (Anno); [5]Id., 9 C. J. § 61 (Anno); [6]Id., 9 C. J. §§ 151, 153, 195; [7]Appeal and Error, 3 C. J. § 1587; 4 C. J. § 3057.

Error to Wayne; Hunt (Ormond F.), J. Submitted June 22, 1927. (Docket No. 16.) Decided July 29, 1927.

Assumpsit by Alfred J. Doherty, Sr., and others, doing business as the Doherty Hotel Company, against the Detroit Fidelity & Surety Company on a bond. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Stevenson, Butzel, Eaman & Long* (*Rockwell T. Gust,* of counsel), for appellees.

WIEST, J. Plaintiffs, copartners, doing business as the Doherty Hotel Company, let William J. Morris a contract to furnish materials and labor and erect a hotel at Clare. Defendant company was surety for the contractor to the amount of $30,000. Plaintiffs claim the contractor abandoned the job; the surety refused to take over and complete the contract, and the finishing of the building was carried out under contract relations with another, and the cost thereof exceeded the first contract price by upward of $30,000. Plaintiffs brought this suit against the surety and had verdict and judgment for the full penalty of the bond. Defendant reviews by writ of error, claiming plaintiffs interfered with the workmen, insisted on departures from the specifications, impugned the contractor's credit with materialmen and laborers, and finally informed his help that no more money would be paid, thereby rendering performance impossible, excusing the contractor and releasing the surety. The circuit judge instructed the jury that the acts of Mr. A. J. Doherty were not such as to justify noncompletion of the job by the contractor. Defendant insists this was a question for the jury. We think the circuit judge

was right.   The question of whether Mr. Doherty said he would pay no more money was left to the jury with the instruction that if so found plaintiffs could not recover.   The jury did not so find.

Some of the demands made by Mr. Doherty were contrary to specifications, and, therefore, not of right, but all such were recognized as very proper departures and were mutually adopted.   We have reference to pressed brick window sills at the rear of the building and the strengthening of one wall.   Such matters, having been amicably agreed upon then, are at rest now.   Some of the demands were unwarranted, but such were rightly refused.   Such instances, however, were few in number and not of sufficient importance to survive their denial.   The claimed interference with workmen related to petty matters hardly worth mentioning.   In the basement a form for a concrete dividing wall was in place and Mr. Doherty could see no doorway opening and spoke about it.   A door frame was in place within the form and the work was proceeding properly.   This incident was of no importance.   Mr. Doherty, standing on the ground, called to a bricklayer on a scaffold to "Take that brick out and put some mortar in."   The workman said, "Tell your troubles to the foreman," and paid no attention to the direction.   A workman was placing a steel post and Mr. Doherty came along, told him it was not plumb and was informed by the man that it was not yet in place.   Mr. Doherty thought some old lumber in a form section looked rotten and not strong enough to stand the weight of concrete and spoke about it. The lumber was used and was strong enough.   The contractor piled material in the public street, and, it is claimed, Mr. Doherty requested a member of the village council to stop it.   The village official looked the situation over and took no action.   It came to the attention of Mr. Doherty that the contractor was not

paying materialmen; he made an investigation and found such to be the fact and transmitted such information to the surety company.    This resulted in an arrangement under which disbursements were made by the supervising architect.

An owner has an undoubted right to investigate and find out whether money paid a contractor for material has been used to pay for such material.    It was the duty of Mr. Doherty, under the surety contract, to notify the surety.

The workmen quit the job July 29, 1922.    August 23, 1922, the supervising architect, exercising agreed power, certified that the contractor had been guilty of violations of the contract and that sufficient cause existed to justify plaintiffs, as owners, under article 37 of the general conditions, to terminate the contract, take possession of the materials, tools, and appliances upon the job and finish the work.    August 24, 1922, plaintiffs sent the contractor a copy of the certificate of the architect, together with notice of the termination of the contract.

The jury found the contractor abandoned the work without cause or excuse.    After such abandonment the surety refused to complete the contract.    Thereupon plaintiffs had a right to go ahead and complete the contract and look to the surety for the expense thereof, not exceeding the penalty of the bond.

Errors assigned upon the admission and exclusion of evidence have not been argued in defendant's brief or at the oral argument and must be considered as abandoned.    We state, however, that such assignments of error present no grounds for reversal.

We find no reversible error, and the judgment is affirmed, with costs to plaintiffs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.