NORTHWESTERN ENGINEERING COMPANY, Appellant, v. ELLERMAN, et al., Respondents

(23 N. W.2d 273.)

(File No. 8805. Opinion filed June 3, 1946.)
Rehearing Denied July 22, 1946.

**Philip & Leedom** and **Tom Eastman,** all of Rapid City, and **Everett A. Bogue,** of Vermillion, for Appellant.

**W. W. French, H. A. Doyle,** and **Frank Biegelmeier**, all of Yankton, for Respondents.

SICKEL, J. This is an action to recover damages for breach of contract. In March, 1942, the Northwestern Engineering Company, plaintiff planned to bid on the main con-

tract for the construction of the Rapid City Army Air Base. It proposed the subletting of Section 4, Schedule 3 of the government specifications to Ellerman and McLain, a partnership, defendants. An agreement was entered into between plaintiff and defendants whereby defendants agreed to enter into a contract for the performance of the work and the furnishing of materials required by that section and schedule for the sum of $79,098.26 contingent on the acceptance of the plaintiff's bid on the main contract by the Army. Before the letting plaintiff and defendants modified this subcontract by increasing the consideration therefor in the sum of $6,000. Thereafter, plaintiff became the successful bidder at the letting of the main contract. Defendants refused to enter into a performance contract, and so notified the plaintiff. Thereafter plaintiff relet the same work to the Northern Construction Company for the sum of $92,573.79. The contract was performed by the Northern Construction Company and the consideration was paid in full. On June 13, 1942, plaintiff brought this action against the defendants to recover damages resulting from the breach of the contract. Plaintiff claims it has been damaged in the sum of the difference between the amount for which the defendants agreed to do the work and the amount which the plaintiff paid the Northern Construction Company for doing it. Defendants filed a motion to dismiss plaintiff's complaint on the ground that the complaint failed to state a cause of action. This motion was sustained in the circuit court, but on appeal this court held that the contract was valid and enforceable, 69 S. D., 397 10 N. W.2d 879. The case was then tried to a jury who returned a verdict for defendant, and plaintiff appealed.

■ At the trial the allegations of the complaint as to the execution and delivery of the agreement Exhibit 1 as modified, and the consideration therefor were sustained by the evidence. Respondents offered testmony to show oral negotiations preceding and accompanying the execution of that agreement in an attempt to prove that such an agreement was not intended by the parties to be a binding obligation. The circuit court ruled that this defense had not been proved by competent testimony, and declined to submit it to

the jury. Therefore, the decision of this court on the former appeal, to the effect that the original agreement as modified was a valid and binding obligation to enter into a performance contract, remains the law of the case.

■ Respondents claimed at the trial, and introduced evidence tending to show, that the performance contract submitted by appellant contained provisions which placed upon respondents obligations not included in the original agreement, and not within the contemplation of the parties when the original agreement was made; that respondents refused to sign the performance agreement for these reasons. This original agreement is an agreement to enter into a contract for the performance of the work and the furnishing of material described or referred to therein, on terms consistent with the provisions of that agreement. Insistence by either party upon the introduction into the supplemental contract of terms not reasonably within the contemplation of the parties when the original agreement was made, constitutes a breach of the original agreeement. Likewise, the refusal by either party to execute a proposed supplemental contract containing only such terms as were reasonably within the contemplation of the parties, constitutes a breach of the original agreement. Commissioners of Highland County v. Rhoades, 26 Ohio St. 411; Lewis v. Brass, 3 Q. B. D. 667; 9 C. J., Building and Construction Contracts, § 10. The evidence in the case required that these questions be decided by the court or submitted to the jury at the former trial.

Appellant claims that the court erred in denying its motion for a directed verdict. It is the appellant's contention that the undisputed evidence shows that the respondents agreed to do the work and furnish the materials called for by the agreement, for the sum of $85,935.42; that respondents failed and refused to perform any part of the contract; that the cost to appellant of securing the performance of the contract by another concern was $92,573.79; that the appellant has therefore been damaged in the sum of $6,638.37 and is entitled to judgment therefor. Respondents claim that the measure of damages is the difference between the contract price and the fair, reasonable cost of having the work done.

SDC 37.1801 contains the following provision:

"For the breach of an obligation arising from contract, the measure of damages, * * * is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. * * *"

This is also the rule at common law. Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250.

■ When there is a total failure of performance of a contract of this character, the amount which will compensate the party aggrieved, under the rule stated in the above statute, is the difference between the contract price and the actual and necessary cost of complete performance. Anderson v. Nordstrom, 60 Minn. 231, 61 N. W. 1132; Grady v. Sullivan, 112 Mich. 458, 70 N. W. 1040; Doherty v. Detroit Fidelity & Surety Co., 240 Mich. 36, 214 N. W. 833; Baumann v. City of West Allis, 187 Wis. 506, 204 N. W. 907; Johnson v. Vogel, 208 Iowa 44, 222 N. W. 864; Elmohar v. People's Surety Co., 217 N. Y. 289, 111 N. E. 821; American Surety Co. v. Gonzales Water Power Co., Tex. Civ. App., 211 S. W. 251; Smith v. Brocton Preserving Co., 251 App. Div. 102, 296 N. Y. S. 281; Carrig v. Gilbert-Varker Corporation, 314 Mass. 351, 50 N.. E.2d 59, 147 A. L. R. 927; 25 C. J. S., Damages, § 79.

There is no dispute as to the amount of the consideration which was to be paid to respondents for the performance of the work, nor as to the amount paid by appellant to the Northern Construction Company for performance of the same obligation. Appellant's damage is the amount of the excess, unless the amount paid to the Northern Construction Company was unnecessarily high. The amount so paid out would be unnecessarily high if the terms of the contract with Northern Construction Company imposed burdens upon the contractor which respondents were not obliged to bear under their original agreement.

■ This brings us to the question of mitigation of damages. It is generally held that in actions for damages arising out of a breach of contract, in which plaintiff has proved his damages, the burden of proving that the damages

would have been lessened by reasonable diligence on the part of the claimant is on the party whose wrongful act caused the damages. Rich v. Daily Creamery Co., 296 Mich. 270, 296 N. W. 253, 134 A. L. R. 232, and Annotation 243, 254; Hoehne Ditch Co. v. John Flood Ditch Co., 76 Colo. 500, 233 P. 167; United States v. Harris, 9 Cir., 100 F.2d 268; 25 C. J. S., Damages, § 144e, 15 Am. Jur., Damages, § 331.

In Hoehne Ditch Co. v. John Flood Ditch Co., supra [76 Colo. 500, 233 P. 170] the court states the rule as follows:

"Where a plaintiff desires to recover the expense of an attempt to avoid a loss, in such circumstances it is prima facie sufficient for him ordinarily to establish the fact of payment, and then the burden of introducing the evidence that the means employed, and the expense thereof, were unnecessary or unreasonable, is on the defendant. If the plaintiff fails to take the proper steps to avoid consequences or loss, he cannot recover the entire expense of the improper steps taken, if any, but only the cost and expense of the proper and reasonable steps which he should have taken. The authorities generally say that the burden of proof is on a defendant to prove that the injuries claimed by the plaintiff were aggravated and that mitigation of damages is a defense to be established by the defendant."

Here the evidence of the plaintiff established the amount of its damages by proof of the sum paid the Northern Construction Company for the work which defendants agreed, but refused to perform. The burden then rested upon defendants to show that the appellant failed to use reasonable diligence in an effort to lessen the damages resulting from the breach of the contract. No issue of fair and reasonable cost was presented, and evidence of fair and reasonable cost was irrelevant to the issues in this case. Ellerman testified that U. Marini of St. Paul offered to do the work required by the terms of the original agreement involved in this action, as modified, for the consideration named therein and further testified that he advised Edelstein about such offer. While Edelstein denied that Ellerman informed him of such an offer, the testimony

of Ellerman did present an issue of fact as to whether appellant used reasonable diligence in an effort to lessen the damages, and justified the court in denying the motion for a directed verdict.

Appellant also excepted to instructions Numbers 8 and 9 on the ground that those instructions did not state the true measure of damages.

Instruction number 8 states that:

"* * * The measure of damages is the difference, if any between $85,935.42, the sum for which defendants agreed to do the work and the fair, reasonable cost under all the facts and circumstances of having the same work done and the same materials furnished according to the same terms as Exhibit 2, * * *."

Instruction number 9 states that:

"* * * Such payment made to the Northern Construction Company is not conclusive unless you find such sum so paid was fair and reasonable. The payment so made is a circumstance to be considered by you along with all the evidence and facts and circumstances disclosed by the evidence, in determining what was the reasonable sum necessarily expended by plaintiff to have the work in question done * * *."

These instructions state that the measure of damages is the difference between the contract price and the fair and reasonable cost of performance. As already indicated the instructions do not state the true measure of damages.

The judgment is reversed and a new trial is granted.

WHITNEY, Circuit Judge, sitting for POLLEY, J.
All the Judges concur.