## BRADY v. OTIS ET AL.

1. **Deed:** FROM AN ASSIGNEE IN BANKRUPTCY. One who had knowledge of the existence of a deed from an assignee in bankruptcy, although the deed was not recorded, is charged with notice thereof and cannot set up an alleged title by conveyance from the bankrupt himself after the proceedings in bankruptcy had been instituted.

2. ——: ——: PURCHASER WITH NOTICE. The purchaser of the property from the grantee of the bankrupt, who had knowledge of the facts before making payment therefor, was in condition to refuse it, and his payment will be regarded as voluntary and with notice.

3. **Verification:** WHEN MADE BY AN ATTORNEY. An attorney who has full knowledge of the facts set forth in a petition, where the plaintiff himself could have possessed no more complete or certain knowledge, is competent to verify a petition.

*Appeal from Montgomery District Court.*

MONDAY, DECEMBER 14.

ACTION in chancery to quiet plaintiff's title to certain lands in Montgomery county. There was a decree granting the relief prayed for in the petition. Defendants appeal. The facts of the case sufficiently appear in the opinion.

*C. E. Richards*, for appellants.

*James B. Gregg* and *Z. T. Fisher*, for appellees.

BECK, J.—Plaintiff's title to the lands in controversy is based upon a proceeding in bankruptcy in the U. S. District Court for the state of Alabama, wherein one Broom was declared a bankrupt, and the property in question, being a part of the assets, was sold to plaintiff's grantor.

Defendant, Lockhart, now claims title to the land through a conveyance from the other defendant, Otis, who acquired title under a quit claim deed executed by the bankrupt after the proceedings in bankruptcy were instituted.

I. The defendants claim that the deed of the Register in
Bankruptcy to the assignee was not duly acknowledged and recorded, and therefore they are not charged with constructive notice thereof, and that they had no actual notice of plaintiff's title.

*1. DEED: from an assignee in bankruptcy: notice.*

The allegation of fact as to the acknowledgement and record of this instrument may be admitted, yet the deed is good against all persons charged with notice. That defendant, Otis, had notice cannot be denied. He had personal knowledge of plaintiff's claim of title, had negotiations to purchase the land from him, had obtained the quit claim deed from the bankrupt representing that he desired it to perfect his title already acquired, was advised by the bankrupt himself that it had been sold in the bankrupt proceeding, and paid only a trifle, $20, for the deed, which was the amount of expenses incurred by the grantor in executing the instrument.

II. The other defendant, Lockhart, made the purchase without the payment of one cent, the whole amount of the purchase money being secured by a mortgage to Otis. Before Lockhart made any payment he had full notice of plaintiff's title. He cannot be protected as one having made payment for the land before plaintiff's title came to his knowledge. He was in a condition to refuse payment, and it must be regarded, therefore, as voluntary and with notice.

*2. ——: ——: purchase with notice.*

III. It is insisted that the deed of the assignee of the bankrupt is not sufficient to convey title, but is void, because it does not recite the proceedings in bankruptcy. Without inquiry into the effect of such omission, did it in fact exist, we are of the opinion that the decree of bankruptcy and the appointment of the assignee, matters which it is claimed do not appear in the deed, and which are the foundation of this objection, are sufficiently rehearsed.

IV. The petition of plaintiff was verified by his attorney. A motion was made by defendants and overruled to strike out the verification. Otis' answer was not verified, and for that reason was stricken from the files. These rulings are complained of. We think the

*3. VERIFICATION: when made by an attorney.*

affidavit of verification of the petition shows that the attorney was competent to make the verification; it shows his knowledge of the facts stated, and the source of it. The plaintiff could hardly have derived information from a different source, or possessed other or greater knowledge of the facts. Rev., §§ 2908, 2909. Code, §§ 2672, 2673.

The petition being verified, it should have been answered by a pleading under oath, and because it was not the answer was properly stricken out. Rev., §§ 2904, 2916. Code, §§ 2669, 2677.

In our opinion the decree of the District Court is well supported by the law and the evidence found in the record. It is therefore

AFFIRMED