LUDOWICI CALADON COMPANY, Appellant, v. THE INDEPENDENT SCHOOL DISTRICT of Independence, Iowa, et al., Appellees.

MECHANICS' LIENS: Public Building—Abandonment by Contractor—Right of Municipality to. Complete—Payments—Bond. A school district may, though not authorized so to do and though protected by a bond taken under Sec. 2779, Code, complete its partially erected building when abandoned by the contractor (the sureties refusing to complete) and may apply the unpaid payments under the contracts to the cost of such completion, even though this defeats the material man in his attempt to establish a lien on the fund under Sec. 3102, Code. The municipality is not forced to an action on the bond to recover the cost of completion.

MECHANICS' LIENS: Public Corporation—Right to Make Payments—Material Men. The right of a material man, under Sec. 3102, Code, to establish a claim against the fund for the erection of a public building, is subject to the right of the public corporation to make payments in accordance with its contract, and it is immaterial whether such payments be in money or in that which is treated as its equivalent.

MECHANICS' LIENS: Municipal Corporation—Payments in Excess of Contract—Burden of Proof. The burden of proof to show that payments, under a contract for the erection of a public building, were in excess of those provided for in the contract, rests on the material man who seeks to establish a claim against the public corporation, under Sec. 3102 of the Code.

MECHANICS' LIENS: Sworn Statement—Who May Make—Qualifications. The "itemized sworn statement of the demand" required by Sec. 3102 of the Code, as the basis for the establishment of a so-called mechanic's lien against a public corporation, is sufficient when made by one who shows therein such general qualifications as are necessary for the verification of a pleading by a party other than plaintiff or defendant.

*Appeal from Buchanan District Court.*—HON. GEORGE W. DUNHAM, Judge.

PROCEEDING to establish a claim for material against a fund alleged to be subject thereto, arising out of a contract to erect a school building. From a decree in favor of the defendants plaintiff appeals.—*Affirmed.*

*Cook & Cook,* for appellant.

*Chappell & Todd,* for appellees.

WITHROW, J.—I. On July 6, 1910, the Independent School District of Independence entered into a contract with George A. Netcott for the erection of a school building in the city of Independence. As a guaranty for the performance of his contract, Netcott gave his bond with sureties. Before the completion of the work, Netcott made an assignment for the benefit of his creditors to one Bain. At that time, there had been paid to the contractor on the work and for extras $38,-100.00. In addition to this, about two months after entering upon the work, Netcott purchased from the school district two old buildings for $202.50, which it was then agreed should be applied on the contract as part payment. Later, insurance was placed on the building at a cost of $90.00, for the one-third of which Netcott became liable, and this also, it was agreed, should be applied on the contract, payment of the entire amount of the insurance having been made by the district. October 5, 1911, two days after the assignment to Bain, the school district served notice on the bondsmen to complete the work according to the contract, which they refused to do. Thereupon, the officers of the school district took charge of the building, completed it according to the requirements of the contract, expending therefor the sum of $1,042.12 for materials, and $1,030.47 for labor. The contract did not in terms authorize the builder to complete the work upon default of the contractor. The contract price was $46,671.07. Pay-

ments made to the contractor and to material men whose equitable rights in the fund were properly established amounted to $44,365.98, not including the buildings sold and the insurance. Deducting these items, there remained $2,072.59, being exactly the amount expended for labor and material in completing the building. If not deducted, there would remain in the control of the district $232.50 applicable to claims against Netcott, or to the equitable claims of material men. The plaintiff's claim is for $628.82 for material furnished.

The contention of the plaintiff in the court below and here is:

1. That when the contract does not authorize the district to complete the work upon failure of the contractor to do so, the contract and bond must be construed together so as to require the district to recover from the bondsmen the amount necessary to complete the contract, instead of deducting it from the contract price.

2. That the credit on the contract price of $232.50 for the old buildings and the insurance, being based on agreements made after the execution of the contract and the commencement of the work, was not contemplated by the contract and should not be allowed.

A third question was raised as to the sufficiency in form of plaintiff's verified claim.

The trial resulted in a finding and decree against plaintiff and it appeals.

II. An important question in the case is the one first stated. The claim is that, as the school district took the bond as it was required to do under Code Sec. 2779, it is conclusively presumed to have relied upon the bond and the contract in determining its rights, and in the absence of a provision in the contract authorizing it to complete the building upon default of the contractor, when it so does the expense incurred must be collected on the bond and not be deducted from the unpaid part of the contract

1. MECHANICS' LIENS: public building: abandonment by contractor: right of municipality to complete: payments: bond.

price. Supporting this claim appellant relies upon *Baker v. Bryan,* 64 Iowa 561. That case arose on a bond which required the contractor to produce receipts for labor and material used in the building, and that he should pay all claims for material and labor. The contract in the present case is similar in its provisions. In the *Baker* case this court held that construing the bond and contract together, the obligation was for the benefit of the material men and of holders of labor claims. The later case of *Green Bay Lumber Co. v. School District,* 121 Iowa 663, cited by appellee, is distinguished from the *Baker* case by the fact that neither the bond nor the contract exacted payment by the contractor of labor and material claims. But granting to the case upon which appellant relies all that is claimed for it, there immediately arises the fact that appellant has not sued upon the bond, but seeks to recover from the school district against a fund claimed to have been used to appellant's detriment, and without authority in completing the work.

By reason of his insolvency and the assignment for the benefit of his creditors, Netcott was unable to fully comply with the contract. As to this conclusion no question is raised in the record. The sureties on his bond refused to complete the building. It was then in effect a breached contract. The owner was entitled to the benefit of its bargain and to have the building completed at no greater cost to it than the contract price. *Aetna Iron Works v. Kossuth Co.,* 79 Iowa 40; 6 Cyc. 74. Should the cost exceed the balance due, a question as to the liability of the bondsmen would arise, which is not now in this case. The right to complete the building under such conditions cannot be made to depend upon a provision of the contract authorizing such to be done, but rests upon the elemental ground that a party to a contract not broken through his fault is entitled to its benefits; and when an expenditure of money is necessary to protect and complete that which is already in his possession, as a result of part performance, such expenditure may be made and recovery had for it. This

rule is recognized in *Page v. Grant,* 127 Iowa 249. We con-
clude that the fund held by the school district in excess of
that paid on the contract was rightfully applied to the cost
of completing the work.

III. The sale of the old buildings to Netcott was with
the agreement that the price should be credited on his con-
tract. The liability for insurance was also created with the
same agreement as to being credited as a pay-

**2. MECHANICS'
LIENS: pub-
lic corpora-
tion: right
make pay-
ments: ma-
terial men.** ment. It is urged that by such transactions
the school district became only an ordinary
creditor of the contractor, as they were not
contemplated by the contract as payments
which might be made on it; and that under Code. Sec. 3102,
material men had the right to rely upon the fund up to the
contract price, undiminished by any transaction between the
parties. The contract provided that payments should be made
to Netcott in different sums as the work should be brought
to certain fixed stages. The appellant claims that in furnish-
ing the material for which he claims in this action he knew
of and relied upon the contract, and he was, therefore, charged
with knowledge that under it payments might properly be
made to Netcott as the work progressed. There is no proof
that at the time of the sale of the buildings or the placing of
the insurance such was done in prejudice of the rights of this
claimant; on the contrary it appears that those transactions
were long prior to the sale of the material by the appellant.
There is no proof that at the time of the house and insurance
contracts there was, by reason of crediting them upon the
account of the contractor, a payment in excess of that which
the school district at the time had the right

**3. MECHANICS'
LIENS: muni-
cipal corpora-
tion: pay-
ments in ex-
cess of con-
tract: burden
of proof.** to make under its contract; and the burden
would be upon the appellant to so show. As
we view it, there can be no difference as to
the manner in which payment on the contract
was made, if the debtor at the time had the right to make it;
for in whatever form, whether in money or what would be its

equivalent between the parties, to the extent of their agreement as to its value it would operate as a payment and credit.

IV. In the trial in the lower court the sufficiency of the verification of the claim upon which this action is based was challenged by the defendant, this appellee. The claim was itemized and in that respect admittedly complied with the statute. The verification was by Roy A. Cook, stating that he was a member of the firm of Cook & Cook, "attorney at law and in fact for the claimant," that he was duly authorized to make the statement of demand and file the same; that he had knowledge of the matters set forth in the claim from inspection of the papers, including copies of the contract, freight bills, invoices, statements, etc., and from the statements of the general contractor which had come to his knowledge, and that he knew them to be true as he verily believed. The affidavit stated that he had personal knowledge, and when examined as a witness in the case he testified that before verifying and filing the claim, he submitted it to Netcott, who stated it was correct, with possibly the deduction of a freight claim, as to which he was uncertain. This testimony is not contradicted. While it does not appear that the attorney personally knew of each delivery and item in the charge, yet the invoices which were in his possession, and their confirmation by Netcott when presented to him sufficiently apprized Cook of the correctness of the claim to permit him to verify it, as one having knowledge of the correctness. *Brady v. Otis,* 40 Iowa 97; *Rausch v. Moore,* 48 Iowa 611. While the cited cases consider the sufficiency of the verification of pleadings, the principle is not different from the point in question. The claim was sufficiently verified.

4. MECHANICS' LIENS : sworn statement : who may make : qualifications.

On the whole record the judgment should be and it is— *Affirmed.*

LADD, C. J., DEEMER and GAYNOR, JJ., concur.