C. F. JOHNSON, Appellant, v. HARRY VOGEL et al., Appellees.

No. 38986.

JANUARY 8, 1929.

REHEARING DENIED APRIL 5, 1929.

*W. T. Bennett,* for appellant.

*E. N. Farber,* for appellees.

WAGNER, J.—The appellees are husband and wife. In the spring of 1919, the appellee Harry Vogel contemplated certain alterations and remodeling of his residence property in the city of Marshalltown. Plans and specifications were prepared by an architect for that purpose. Competitive bids for the work were made by contractors. One Eckman was the lowest bidder for the work, his bid being $2,800. The appellant had the next lowest bid, at the sum of $3,050. The appellant's bid was made on May 10, 1919, and he proposed to furnish all materials and perform all labor necessary to erect and complete the alterations and additions to said residence property according to the plans and specifications prepared by the architect, for the aforesaid sum. Eckman's bid at $2,800, was accepted, but he became busily engaged with other work, and by reason of satisfactory arrangements, was released. Negotiations were then taken up with the appellant, with the result that, on May 21, 1919, a written contract was entered into between the appellant and the appellee Harry Vogel, by the terms of which the appellant agreed to provide all materials and perform all the work for the alterations and additions to the property as per the plans and specifications prepared by the architect. Relative to payment, the contract provides:

"The owner agrees to pay the contractor in current funds for the performance of the contract eight per cent of the cost of the alterations and additions exclusive of the furnace. The contractor guarantees the total cost not to exceed $3,050.00 including the commission."

Relative to partial payments to be made as the work pro-

gressed, the contract contains the usual provisions for the issuance by the architect of certificates therefor, the same to be based on the value of the labor performed and material furnished. It was further provided in the contract:

"In case of unnecessary delay upon the part of the contractor in furnishing labor and material at the time same is required the owner within five days after notifying the contractor of intention to do so, shall have the right to enter upon the premises and procure such necessary material and labor as may be necessary to complete the contract charging the cost to the contractor."

It is further provided in said written agreement that the work shall be completed within twelve weeks after the award of the contract, and that, for each and every day after the time stated that the work under this contract remains uncompleted, the contractor shall pay the owner $5.00 liquidated damages.

The appellant began work on the project during the latter days of May, 1919. There was considerable delay in the providing of hardware and millwork for the completion of the building. The appellant received, on certificates issued by the architect, as the work progressed, the sum of $1,680.50. He furnished other estimates of the amount of work done and material furnished in the completion of the building, asking for the payment of $1,576.61. The architect refused to issue certificates, and the owner refused payment, for the reason that the limit on the contract price of the building, $3,050, would not warrant the payment of the amounts demanded by the appellant. The appellant refused to proceed with the work without payment as demanded, and thereupon, on October 18, 1919, the appellee Harry Vogel notified the appellant by registered letter that, on account of his unnecessary delay in the furnishing of the labor and material for the completion of the building, he (Vogel) would take possession for the purpose of completion, as provided in the specifications. The letter also contained the following statement:

"Your contract with me provides for the date of completion and no effort is being made on your part to comply therewith.

"You give as a reason for delay in the completion that you are entitled to another payment and have refused to proceed

with the completion of the residence until another payment is made. I wish to call your attention to the provision for payments under the terms of contract page three of the specifications.

"Any expense in the completion of the work will be charged to you as provided."

The appellant then furnished the appellee Vogel with an estimate of $6,055.79 that would be required to complete the building. The appellee Vogel, on October 27, 1919, again by registered letter, notified the appellant of the terms and provisions of the contract as to the limit of $3,050 that the building was to cost him; of the appellant's delay in furnishing the labor and materials and completing the work; of his demand of $6,-055.79 for the completion of the building; of his (appellee's) refusal to pay said amount, as the limit which he was to pay was $3,050; that, on account of the delay, and also on account of the proposed increase in the contract price demanded by the appellant, he (Vogel) was obliged to proceed with the completion of the work, as provided by the contract and specifications, and that he would so proceed, and the difference between the contract price and the total cost which he would be obliged to incur would be charged to him (the appellant). The appellant also informed the architect that $6,055.79 was the amount that would have to be paid in order to complete the job, and that he would not do anything more on the job unless he got more money.

The appellee then entered into a contract with another contractor for the completion of the work; and the building cost the appellee, in excess of the $1,680.50 previously paid the appellant, the additional sum of $3,796.89, or a total cost for the building of $5,477.39.

The trial court allowed the appellant a credit of the contract price of $3,050, plus $126.46 for extras, as per contract, or a total of $3,176.46, and allowed the appellees on their counterclaim the difference between said latter amount and $5,447.39, or $2,300.93, and rendered judgment in favor of the appellees and against the appellant for said amount, with interest at 6 per cent from December 11, 1920, and costs.

Appellant contends that there was no limit on the amount that he was to receive for the erection of the building, but it is

manifest that he is wrong in his contention. The evidence is overwhelming that the provision to the effect that the cost of the building, including his commission, was not to exceed $3,050 was in the contract at the time when both the appellant and the owner signed the same; that that was the amount of his bid for the project. The evident purpose of the provision for payment of a percentage of the cost by way of commission, and the fixing of the limit of the cost, including his commission, at $3,050, was to fix the limit of the liability of the owner as the amount of appellant's bid, and with the thought in mind that the cost to Vogel might be reduced to the amount of $2,800, the amount of the Eckman bid.

The owner was justified in not paying the increased amount demanded by the appellant. He was also justified in not paying any additional amounts to the appellant without the certificate of the architect, who was in control, and had supervision over the work, and when the amounts demanded by the appellant would exceed the limit of the contract price for the entire job. The owner was entitled to the benefits of his contract, and to have the building at no greater cost than the contract price. *Ludowici Caladon Co. v. Independent Sch. Dist.*, 169 Iowa 669. The owner had the absolute right to complete the work in accordance with the contract and to charge the cost of the completion thereof to the appellant. He even had this right without any provision in the contract to that effect. *Golwitzer v. Hummel*, 201 Iowa 751; *Schmidt Bros. Const. Co. v. Raymond Y. M. C. A.*, 180 Iowa 1306.

Under the circumstances existing under the record of this case, the owner had the right to complete the building and charge the reasonable expense and cost thereof to the appellant. The owner was not required to submit the cost of building the structure to competitive bidders, nor to complete the same at the lowest possible cost, but had the right to expend such sum for labor and materials as was fairly and reasonably necessary to complete the structure in accordance with the contract and the plans and specifications of the architect. *Schmidt Bros. Const. Co. v. Raymond Y. M. C. A.*, supra.

We have read the record with care, and find that the amounts expended by the owner and allowed by the trial court were fairly and reasonably necessary for the completion of the

structure, and that said amounts were the reasonable worth and value of the materials furnished and services performed.

We also find with the trial court, from a careful perusal of the record, that the amount allowed for extras to the appellant in the sum of $126.46 was the reasonable worth and value thereof.

The appellees argue that they are entitled to damages, under the clause of the contract providing for ''liquidated damages'' for failure to complete the work at the time specified in the contract, and for other matters which were not allowed by the trial court; but since the appellees have not appealed, said matters so argued need no consideration.

It is manifest that the judgment of the trial court is correct, and the same is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, and KINDIG, JJ., concur.