Vincent CONRAD d/b/a Conrad Construction Company, Appellee,

v.

Delos A. DORWEILER and Lois M. Dorweiler, Appellants.

No. 54653.

Supreme Court of Iowa.

Sept. 9, 1971.

**538**

Klauer, Stapleton, Ernst, Sprengelmeyer, & Schrup, Dubuque, for appellants.

No appearance for appellee.

LeGRAND, Justice.

This litigation had its inception in a written contract by the terms of which plaintiff agreed to build for defendants a four-plex apartment building for $36,000. Work had hardly started when serious differences arose, prompting defendants to call plaintiff off the job. At that time only the foundation had been completed. Defendants refused to pay for the work done, and plaintiff brought this suit in equity to recover $2842 and to foreclose his mechanic's lien for that amount.

Defendants counterclaimed for damages resulting from plaintiff's alleged breach of contract. Following trial the court dismissed plaintiff's petition upon a finding that the foundation work was so defective plaintiff was not entitled to payment. Plantiff did not appeal.

The trial court also held defendants were entitled only to the cost of removing the defective foundation and rendered judgment against plaintiff for that amount —$444. All other damages asserted in the counterclaim were disallowed for failure of proof.

Dissatisfied with this result, defendants appealed, asserting two grounds for reversal:

(1) Denial of their timely application for a jury trial of the issues raised by their counterclaim.

(2) The erroneous finding that there was no evidence to support an allowance of damages for breach of contract other than the cost of removing the foundation.

Since there is no appeal by plaintiff, we treat the trial court's decree dismissing his petition as final and concern ourselves only with the two issues raised by defendants.

We consider first defendants' claim they were entitled to a jury trial on the counterclaim. We hold it was error to deny their timely request for such a trial. Rule 177, Rules of Civil Procedure, clearly contemplates situations in which some issues may be triable to a jury, some not. The trial court took the position that since the action was brought in equity, it was triable entirely in equity. Under circumstances similar to those in the present case, we have held several times to the contrary. Folkner v. Collins, 249 Iowa 1141, 1145—

1147, 91 N.W.2d 545, 548 (1958); International Milling Co., Inc. v. Gisch, 256 Iowa 949, 952, 129 N.W.2d 646, 648 (1964). We believe these cases are indistinguishable from the one now before us.

We have not overlooked what was said in Simpson v. Bostwick, 248 Iowa 238, 244, 80 N.W.2d 339, 343 (1957) nor in Grandon v. Ellingson, 259 Iowa 514, 518, 519, 144 N.W.2d 898, 901 (1966), upon which the trial court apparently relied. The Simpson case, as we pointed out in Folkner v. Collins, supra, does not raise the same issues which are presented here and is without significance.

The important factual differences between Grandon v. Ellingson and the case at bar make that case easily distinguishable from this and from Folkner v. Collins. We recognized this in our Grandon opinion when we disavowed any conflict with the earlier Folkner case because in Folkner "there were clearly severable issues or cause of action" justifying a separate trial under rule 186, R.C.P.

That was not the case in Grandon v. Ellingson. The basis for our holding in the Grandon case was that the answer and counterclaim, upon which a separate jury trial was asked, raised the same identical issues presented by the petition which was properly triable in equity. We pointed out that the issues upon which a jury trial was asked—waiver and estoppel—were issues over which law and equity have concurrent jurisdiction. Since equity had already taken jurisdiction, defendant could not properly insist that there be a separate jury trial of them.

We said at page 519 of 259 Iowa, and page 901 of 144 N.W.2d, "Defendant also claims [he is entitled to a jury trial because] he pleaded conversion which is an action at law. Conversion was alleged here only as a basis for estoppel or waiver, not as a separate cause of action. * * *

"It is true defendant's counterclaim, if brought as an original action, was triable at law. * * * However it raised the same issue involved in the petition in equity—whether the obtaining of the specified loan was a condition precedent to the completion of the sale of stock. * * * [This] one primary issue can and must be resolved in the equitable action. Nothing remains to be disposed of at law. * * *"

We see no incompatibility between the legal principles announced in Grandon v. Ellingson and Folkner v. Collins, both supra. Each announces a correct rule of law under its peculiar factual situation. We hold here that the case before us falls within the pattern of the Folkner case rather than the Grandon case, and the Folkner case controls our decision.

While the trial court has discretion in permitting split trials under rule 186, R.C. P., we hold there must be some persuasive reason to deprive a party of his right to a jury trial on law issues raised by counterclaim. The fact that his adversary started an equitable action first is not alone sufficient. This was clearly the import of the following statement taken from Folkner v. Collins, supra, § 249 Iowa at page 1147, 91 N.W.2d at page 548, "It is true the purpose of the rules was to make possible the expeditious trial of cases. However, we cannot, under the theory of hastening the trial of a case, deny a party the right to a jury trial of issues properly triable at law."

We hold it was error to deny defendants' demand for a jury trial. But we must also determine if such error was prejudicial under the record here. This brings us to defendants' second ground for reversal.

The trial court held against defendants on their counterclaim because there was no evidence to support the claim for damages. If this is true, refusal of a jury trial would be immaterial because such a failure of proof would be equally fatal in that event. What we must really decide, then, is whether defendants' evidence

presented a jury question. For this purpose we view the evidence in the light most favorable to them. Rule 344(f), 2, R.C.P.

With this in mind we recite the facts upon which defendants rely. The record shows that after plaintiff was ordered to stop work defendants sought out and obtained other contractors to do the job. It was ultimately completed some seven or eight months after the completion date provided for in defendants' contract with plaintiff. The total construction cost was approximately $50,000.

Defendant Delos Dorweiler, a carpenter of long experience, testified he sublet the job himself. He said he got competitive bids for all work—"very competitive." He further testified he made proper allowances for all extras not included in his contract with plaintiff and for deletions from the original plans; that the completed building was substantially the same as that called for by the contract; that construction costs were generally higher than at the time of his contract with plaintiff; that the final cost of $50,823.79 was "fair and reasonable for the services and work performed." It is true some of the evidence of damages was less than satisfactory. There were substantial items such as heating, air conditioning, and plumbing which were treated only generally without specifying quality or cost. However, defendant testified he and plaintiff had "agreed" on these items. We point out that all this testimony on construction costs and damages went completely unchallenged.

■ Defendants were not required to prove their damages with mathematical precision. It was their duty only to establish their claim with some reasonable measure of certainty and to show facts affording a reasonable basis for ascertaining the loss. 5 Corbin on Contracts, section 1089, page 492; 22 Am.Jur.2d, Damages, section 25, page 46; 25 C.J.S. Damages § 28, pages 684–691; Nicholson v. City of Des Moines, 246 Iowa 318, 327, 67 N.W.2d 533, 538 (1954); B-W Acceptance Corporation v. Saluri, 258 Iowa 489, 497, 139 N.W.2d 399, 404–405 (1966); Orkin Exterminating Company, Inc. v. Burnett, 160 N.W.2d 427, 430 (Iowa 1968).

■ When we give the evidence its intendment most favorable to defendants, we hold there was enough to make a jury question, which in view of our conclusion that defendants were entitled to a trial by jury, is all we need now decide. We therefore reverse and remand with directions that defendants be granted a new trial to a jury on their counterclaim.

One other matter merits comment since there must be a new trial. Defendants complain that the trial court applied the wrong measure of damages. Actually the trial court found there was insufficient evidence to justify the use of *any* rule of damages. However, in its decree the trial court stated the rule of damages for loss such as defendants claimed was "the difference between the value of the work if it had been properly constructed to completion and the value of the performance that has been received."

We agree this is one of the alternative measures of damage set out in Restatement, Contracts, section 346(1), page 572. The material portion of that rule is as follows:

"(1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:

"(a) For defective or unfinished construction he can get judgment for either

"(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

"(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste."

We have applied both rules, depending upon the circumstances under which the breach and subsequent loss arose. Hansen v. Andersen, 246 Iowa 1310, 1316, 71 N. W.2d 921, 924 (1955), (applying rule that allowable damage is "difference between the value of the building as is and the value as it would have been if made under the provisions of the claimed agreement.") This result was reached because we found any other rule would involve expense and change disproportionate to the results to be accomplished—the rule of unreasonable economic waste."

In several other cases we have approved the first of the two alternative rules quoted above from the Restatement. Schmidt Bros. Construction Company v. Raymond YMCA, 180 Iowa 1306, 1316, 163 N.W. 458, 463 (1917); Golwitzer v. Hummel, 201 Iowa 751, 755–756, 206 N.W. 254, 256 (1926); Johnson v. Vogel, 208 Iowa 44, 48, 222 N.W. 864, 865 (1929). In each of these we held the party left with an uncompleted contract could secure its completion and recover from the wrongdoer the reasonable cost of finishing the work in excess of the original contract price.

■ Under the record here, there was no partial performance upon which the rule in Hansen v. Andersen, supra, could be based. The only measure of damages which can compensate defendants is the reasonable cost of having done what plaintiff wrongfully failed to do—the principle followed in the cases cited in the preceding paragraph. We hold that to be the proper standard to be applied to the counterclaim in this case.

While we have not discussed the claim for alleged loss of rental value, on retrial of this case defendants are entitled, of course, to show, if they can, damages for that item also.

We express no opinion as to whether defendants are entitled to recover on their counterclaim. We hold only: (1) they are entitled to a jury trial; and (2) their measure of damages, if they are entitled to damages, shall be as heretofore set out.

We reverse and remand for new trial on defendants' counterclaim. The judgment dismissing plaintiff's petition is, of course, final since he did not appeal.

Reversed and remanded.

All Justices concur except BECKER, J., who takes no part.