# OMAN CONSTRUCTION COMPANY, Inc. v. CITY OF NASHVILLE.—353 S. W. (2d) 97.

Middle Section.   June 30, 1961.

Petition for Certiorari Denied by Supreme Court, October 20, 1961.

Williams, Harwell, Howser & Thomas, Nashville, for complainant.

Frank S. King, Jr., Robert H. Jennings, Jr., Nashville, for defendant.

I

SHRIVER, J.   The bill in this cause was filed March 29, 1957, and, as amended, sought a recovery of $326,-001.14 as damages suffered by reason of a breach of contract.

The answer of the City generally denied the right of the complainant to recover and when the cause came on to be heard before the Chancellor an order was entered reciting among other things as follows;

"And it appearing to the Court that counsel for the defendant admits that the defendant caused the complainant to be delayed in the performance of its work on the Kerrigan property, the Court holds and finds that said delay was a breach of contract between the parties, and the remaining question

before the Court is the amount of damages to compensate the complainant for said breach.

"It is therefore ordered, adjudged and decreed by the Court that the defendant breached his contract with the complainant by delaying the complainant in the performance of its contract on the Kerrigan property.

"It is further ordered by the Court that this cause be, and the same hereby is, referred to the Clerk and Master, who, from the proof filed in this cause, will ascertain the amount of damages due the complainant for said breach and report his findings to the Court."

Thereafter, the report of the Clerk and Master was filed and, as amended, found damages accruing to the complainant as the result of defendant's breach in the amount of $176,229.86.

Exceptions were filed by complainant and defendant as a result of which the Master modified his report and found the damages due the complainant from the defendant to be $170,077.35. On appeal to the Chancellor from the ruling of the Clerk and Master on said exceptions a final decree was entered confirming the report as finally made assessing damages in the above amount and, in addition thereto, the Chancellor allowed interest from the date of the filing of the original bill, to wit, March 29, 1957, in the amount of $34,950.60, or a total of $205,027.95 together with the cost of the cause. From the final decree awarding judgment for the foregoing amount the defendant excepted and perfected his appeal to this Court and has assigned errors.

## II

The Master, Honorable A. P. Ottarson, Jr., in his report of May 10, 1960, makes such an excellent statement of his findings of fact which were confirmed by the Chancellor, that we quote with approval from said report as follows;

"TO THE CHANCELLOR:

In this cause an order was entered on May 20, 1959 in Minute Book 184, page 367, requiring the Master to hear proof and report as to what damages, if any, the complainant is entitled to recover from the defendant for a breach of contract entered into between them.

Pursuant to said order I report as follows;"

(Here follows a detailed finding of facts covering about five pages quoted in the original opinion of this Court but which we deem it unnecessary to include in the published opinion.)

The report then takes up the various schedules filed by the complainant setting forth the items of damage claimed. These schedules "A" through "M" are discussed and allowed or disallowed, as the case may be, as to each separate amount claimed. The Master then concludes his report as follows;

"Total days after January 1, 1956,                    358
Less 15% of days                                        54

Total days allowed for Interest on Investment        304

The Master allows interest of 5% for 304 days on $135,641.44 or the amount the Master finds to be

due to the complainant because of the breach on the part of the defendant.

5% interest on $135,641.44 for 304 days____$ 5,676.38
Total allowed on contract breach_____$161,664.04.''

The report was subsequently amended and, after exceptions were passed on, the final amount hereinabove set forth of $170,077.35 was arrived at by the Master and confirmed by the Chancellor with interest from the filing of the bill and costs added in the final decree.

### III

### Assignments of Error

There are ten assignments of error *the first* of which is, that there was no material evidence to support the concurrent finding of the Master and Chancellor as to the amount of damages.

The *second assignment* is that the Master did not apply the proper rule for estimating damages.

The *third, fourth and fifth assignments* are to the effect that the report of the Master showed that damages were arrived at by speculation.

*Assignment six,* complains of the allowance of 15% for overhead and profit as being remote and not the direct result of the non-fulfilment of the contract and because there was no provision in the contract to pay loss of profit in case of default.

*Assignments seven and eight,* are a reiteration of assignment six.

*Assignment nine,* complains of the allowance of the salaries of personnel who performed work on a Louis-

ville, Kentucky, job at the same time that the Nashville job was in progress.

*Assignment ten,* avers that the Chancellor abused his discretion in allowing complainant 6% interest on the amount allowed from the date of the filing of the bill.

## IV

■ The rule is too well settled in this state to require citation of authority that a concurrent finding of fact by the Master and Chancellor are binding on this Court if supported by any substantial, material evidence.

■ The facts as set forth in the Master's report are supported by competent and material evidence, hence, if the defendant is to succeed in having us sustain its assignments, such success must be based on a proposition of law or on the ground that the Master applied the wrong rule or method in assessing damages.

We think it would serve no good purpose to discuss each of the assignments separately, nor is it necessary to take up each of the separate schedules "A" through "M" passed on by the Master and his findings confirmed by the Chancellor and which were discussed at great length in the brief of counsel for defendant and replied to by counsel for complainant.

The items set forth in these various schedules which were allowed as damages by the Master and Chancellor are supported by the proof and we concur in these findings as to schedules "A" through "L".

As to schedule "M" which deals with insurance and taxes on labor and overhead and with profits and interest on capital invested, we think there is some question.

The Master allowed total taxes and insurance of $12,863.44 and 15% overhead and profit amounting to $20,346.22. These items which were confirmed by the Chancellor we think are sustained by the proof and are, therefore, affirmed here.

However, the Master allowed interest on capital invested which, in the amendment to the report filed May 16, 1960, was changed so as to allow 5% interest on $147,901.44 for 304 days amounting to $6,144.20.

While it might be argued with reason that this allowance of so-called interest was, in fact, an allowance of additional damages on the theory that, if the job had not been delayed by the breach, it would have been completed by January 1, 1956 and the capital of complainant would have been released for use elsewhere at that time.

However, we are impressed that the amount of capital actually immobilized by reason of the delay is not readily susceptible of reduction to a definite amount but is, to a large extent, speculative and uncertain. The record does not sufficiently disclose the amount of capital so tied up by reason of the delay as to permit of a recovery of interest thereon. Allowance has been made for salaries, wages, rental of machinery and other items of damages including profits that are set out in detail in the various schedules, and some of these items include or overlap the invested capital and the expected profit which is, in effect, a form of interest.

Thus, while we do not hold that it was error for the Master to allow interest on invested capital, we do think, in view of the above mentioned considerations, as

a matter of equity, this item of interest should be disallowed and we, accordingly, so hold.

Counsel for defendant makes an extended argument with regard to the Master's report of damages under schedule "H". It is insisted that the basis of comparison used in arriving at the result is not a proper one. We respond by saying that this is another fact question which was resolved favorably to the complainant, and our investigation of the record convinces us that the conclusion reached by the Master and Chancellor in this regard is well supported by the proof.

There is proof to the effect that the delay occasioned by the failure of the City to provide a right-of-way over the Kerrigan property prevented the contractor from driving a tunnel in both directions at the same time which operation would have reduced the cost by $12.38 a foot. This cost was computed by a competent witness and was verified by the record which was made exhibit to the testimony of Mr. Ludvigsen. This same situation exists with respect to each of the other schedules and the items thereunder which were allowed as damages.

Counsel for defendant earnestly argues that the recovery of so-called profits is not proper in a case of this kind and cites numerous authorities in support of his position.

██ It should be pointed out that, while it is true that in a suit on a contract, ordinarily, profits that might have been made but for the breach are not recoverable, there are numerous exceptions to this rule. The items allowed by the Master and confirmed by the Chancellor, including overhead and profit of 15%, are not so speculative as

to come within the rules laid down in some of the cases cited by defendant, including Chisholm and Moore Mfg. Co. v. United States Canopy Co., 111 Tenn. 202, 77 S. W. 1062, where the above mentioned exception to the rule is recognized. In the case of Howard v. Stillwell and Bierce Mfg. Co., 139 U.S. 199, 11 S.Ct. 500, 35 L.Ed. 147, in addition to the statement quoted in the brief of defendant, the following appears;

"But it is equally well settled that the profits which would have been realized had the contract been performed, and which have been prevented by its breach, are included in the damages to be recovered in every case where such profits are not open to the objection of uncertainty or of remoteness, and where from the expressed or implied terms of the contract itself, or the special circumstances under which it was made, it may be reasonably presumed that they were within the intent and mutual understanding of both parties at the time it was entered into."

Also see Elias v. Wright, 2 Cir., 276 F. 908, and Dahlstrom Metallic Door Co. v. Evatt Const. Co., 256 Mass. 404, 152 N.E. 715, where it is said that reasonable profits on labor employed in completing work may be allowed.

We think there is sufficient evidence in the record to support this item of recovery.

*The tenth assignment* of error is that the Chancellor abused his discretion in allowing interest from the date of the filing of the original bill on the amount of the judgment.

■ The record is not clear as to why the delay occurred in delivering possession of the Kerrigan property to the contractor. As stated by the Chancellor, a breach of contract was admitted on the part of the City without explanation as to the reason for it. The record also indicates considerable delay in bringing this case to trial below. This observation is not made in criticism of counsel who presented the case for both parties in a very forceful and energetic manner and who, from the record, evidently devoted much time and energy to it. Nevertheless, the Chancellor had this whole matter before him in such way as to be able to accurately judge of the equities involved with respect to the allowance of interest, and while, as an original proposition this Court might not have allowed interest on the amount of the recovery from the date of the filing of the bill, this is a matter largely within the discretion of the Chancellor. Fourth & First Bank & Trust Co. v. Fidelity and Deposit Co., 153 Tenn. 176, 281 S. W. 785, 45 A.L.R. 610; Tennessee Fertilizer Co. v. International Agr. Corp., 146 Tenn. 451, 243 S. W. 81; Equitable Trust Co. v. Central Trust Co., 145 Tenn. 148, 239 S. W. 171.

In Tennessee Fertilizer Co. v. International Agr. Corp., supra, the Court remarked that interest, as a matter of right, is purely statutory, unknown to the common law, and its positive allowance is to be confined to those obligations and demands specified and enumerated in statutory provisions, however, the Court stated, "In cases not so included, it remains, as at common law, a matter of discretion in the jury or chancellor, to be allowed or not, according to the facts presented." Citing several cases.

In Gibson's Suits in Chancery, 5th Edition, (Crownover) Section 1388, it is said;

"The appellate courts will not reverse the decree on the question of the chancellor's discretion, unless the exercise of such discretion was not only clearly erroneous, but oppressive."

It results that the tenth assignment of error is overruled.

Thus, with the modification hereinabove indicated, to wit, the elimination of interest allowed by the Master on capital invested, the judgment of the Chancery Court is affirmed. That is to say, the amount of $6,144.20, which is 5% interest on the total allowance found by the Master computed for a period of 304 days as shown by the amendment to his report filed May 16, 1960, (p. 47 vol. 1 of the record) is to be deducted from the sum of $170,077.35, the amount awarded in the final decree of September 6, 1960. This leaves a judgment for damages in the amount of $163,933.15 to which is to be added interest from the date of the filing of the original bill, March 29, 1957, to the entry of the Court's final decree on September 6, 1960. Said interest of $33,823.90 added to the aforesaid amount of $163,933.15, makes a total of $197,-757.05 for which judgment is here awarded.

With this modification, the decree of the Chancellor is in all things affirmed.

Modified and affirmed.

Humphreys, J., and Crownover, Special Judge, concur.