**MAPLE MANOR HOTEL, INC.,**
Plaintiff-Appellant,

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Nov. 28, 1975.

Certiorari Denied by Supreme Court
April 19, 1976.

Hugh C. Howser, Thos. C. Binkley, Hugh C. Howser, Jr., Nashville, for plaintiff-appellant.

Robert W. Rutherford, Donald L. Corlew, Metropolitan Attys., Dept. of Law of Metropolitan Government, Nashville and Davidson County, for defendant-appellee.

SHRIVER, Presiding Judge.

## OPINION

### The Case

This is a suit to enjoin defendant from interfering with the ingress and egress to plaintiff's property and for damages because of said interference by the closing of a street.

The case arose as a result of the action of the Metropolitan Council in enacting Bill No. 73–482 by which a portion of Surf Drive, a public street adjacent to plaintiff-appellant's property, was abandoned.

The complaint, as originally filed, prayed for an injunction to restrain the enforcement of Bill No. 73–482 as being capricious and a manifest abuse of discretion by the Metropolitan Council and, in the alternative, for damages pursuant to Sections 54–2005 and 23–1423, T.C.A., in the amount of $720,000.00.

The amended complaint reiterates the prayer for injunction and further prays:

"5. That should the enforcement of Bill 73–482 be enjoined by the Court, and/or held unconstitutional, the plaintiff be awarded damages in the amount of $200,000.00, which represents damages plaintiff suffered while said street was unconstitutionally and illegally closed.

"6. That in the alternative, if Bill No. 73–482 is enforced, the plaintiff be awarded damages pursuant to T.C.A. Section 23–1423 in the amount of $720,-000.00."

In the final decree, Chancellor C. Allen High sustained the prayer for injunction and awarded plaintiff damages in the amount of $12,500.00 as being the fair market rental value of plaintiff's property for the period during which interference with ingress and egress existed.

The defendant did not perfect an appeal but plaintiff prayed for, was granted and perfected an appeal to this Court and has assigned error.

### Assignment of Error

There is a single assignment of error, as follows:

"The Chancellor erred in limiting the plaintiff's recovery to the fair rental value of its property for the time in which defendant's bill was in full force and effect in that said holding is contrary to law."

Appellant insists that:

"This was error because the method utilized by the Court in computing damages does not make the plaintiff whole, or place it in the same position it would have been had it not been for the enactment of Bill No. 73–482, which was enacted without an intended or contemplated purpose. The Court failed to consider the increased construction costs, increased interest costs, or loss of cash flow, about which plaintiff's witnesses testified.

"The plaintiff must recover these elements or it will never be placed in the same position it would have been had the Bill never been enacted and enforced. Failure to award damages for these ele-ments perpetuates the act of the defendant to the detriment of the plaintiff."

### The Facts and Proceedings Below

The plaintiff owned a tract of land in the 12th Civil District of Davidson County, described in the bill, comprising nineteen acres, which property was adjacent to a public street known as Surf Drive.

The Metropolitan Council enacted Bill No. 73–482 by which a portion of Surf Drive, south of Kenneth Drive, was vacated and abandoned. It was the insistence of the plaintiff that said street was the only means of ingress and egress to and from its property from the northerly end thereof.

It was alleged and shown that, upon application to the Metropolitan Planning Commission, plaintiff was granted permission to construct fifty-eight duplexes on the property in question. Later, however, upon further application, the Metropolitan Planning Commission voted to allow construction of an apartment complex on the property and it was subsequent to this action of the Planning Commission that the above mentioned Metropolitan Ordinance was passed closing a part of Surf Drive.

It was alleged and shown that the Planning and Zoning Committee of the Metropolitan Council had voted to keep Surf Drive open so that plaintiff's projects could be constructed; however, the Council passed said ordinance, as above indicated.

It was alleged and shown that before a particular parcel of land in Davidson County can be subdivided or developed, it is necessary to have ingress and egress provided by a roadway fifty feet in width and, without the ingress and egress provided by Surf Drive, plaintiff's property no longer had the required roadway footage for the construction of the proposed multi-unit project.

Plaintiff filed a Request for Admissions by the defendant, which request, upon motion of plaintiff and response of defendants, was granted to the extent that certain requests were stricken and others allowed, following which a motion for summary judgment was filed by the plaintiff, sup-

ported by affidavits and depositions by interrogatories, pursuant to which the Chancellor filed his Memorandum Opinion on July 2nd, 1974.

### Chancellor's Memorandum Opinion

The Opinion recites that the cause came on to be heard on June 28, 1974 for further argument on the motion of plaintiff for summary judgment; that plaintiff contends that the defendant's closing of Surf Drive was unreasonable, without public purpose and, therefore, invalid, and that the pleadings, affidavit of counsel, admissions and answers to the interrogatories before the Court reflect no genuine issue of fact relating to the validity of Ordinance No. 73–482; that plaintiff filed fourteen numbered paragraphs, each of which was responded to by the answer of the defendant; that plaintiff was given leave to amend its complaint, from all of which certain averments of the amended complaint were denied and that there being no further application for amendment, the Court, pursuant to authority of Rule 8.04 TRCP, finds that the factual averments in Paragraph 15 of the amended complaint are admitted and: "The Court accordingly finds that the complained of closing of Surf Drive was a taking by the defendant without an intended or contemplated public use."

The Opinion further refers to the action of the Metropolitan Planning Commission and Zoning Committee of the Metropolitan Council with respect to keeping Surf Drive open. It also refers to the testimony by interrogatories of Faris A. Deep, Executive Director of the Metropolitan Planning Commission, and Francis May, Chief Traffic Engineer of the Metropolitan Traffic and Parking Commission. The opinion also recites that the defendant filed no affidavits, requests for admissions, depositions or interrogatories in opposition to the plaintiff's motion for summary judgment and that, in response to questioning by the Court, counsel for the defendant stated that in the event plaintiff's motion for summary judgment was denied, defendant, upon a trial on the merits, would offer no evidence upon the issue of validity of the ordinance in question but would stand solely upon the presumption of validity accorded the ordinance.

The opinion proceeds:

"The Court finds that there is no genuine issue of fact upon the question of the validity of Bill No. 73–482. The Court finds that the ordinance was enacted without an intended or contemplated public use, was not enacted for a valid public purpose, is unreasonable and is invalid.

"The Court enjoins the defendant from the further enforcement of Bill No. 73–482 and directs that Surf Drive be reopened to permit the same ingress and egress to the plaintiff's realty which it enjoyed prior to the complained of closing."

The Court then orders a reference to the Master for a determination of damages, if any, sustained by the plaintiff as a result of the closing of Surf Drive.

Said opinion was implemented by a decree duly entered.

Pursuant to the order of reference, the following Report of the Clerk and Master was filed:

*"REPORT OF THE CLERK & MASTER*

### TO THE CHANCELLOR:

Pursuant to the order entered in Part II of the Chancery Court, Davidson County, Minute Book 90, page 455, I report as follows:

1. What are the damages to which Plaintiff, Maple Manor Motel, Inc., is entitled for the closing of Surf Drive and the taking of said property interest from the date of the passage of Bill No. 73–482 on April 15, 1973 to August 8, 1974.

It is the finding of the Clerk and Master that the Plaintiff, Maple Manor Motel, Inc., is not entitled to any damages from the defendant, Metro Government of Nashville and Davidson County.

(See Deposition of Hugh J. Bradley, David Knight, John R. Moore, George

Hussey, Harry G. Hemmerly, J. L. Harper).

Respectfully submitted,
RAYMOND L. BARRETT
CLERK AND MASTER
By /s/ Philip D. Baltz
Deputy Clerk and Master"

After the filing of the foregoing report, plaintiff moved the Court, pursuant to 53.-04(2), Rules of Civil Procedure, for an order rejecting the report of the Clerk and Master for reasons stated in the exceptions and objections attached to the motion.

Thereafter, on February 14, 1975, the Chancellor entered a decree reciting that the cause was heard on motion of plaintiff for an order rejecting the report of the Clerk and Master filed January 15, 1975 for reasons stated in the exceptions to said report, pursuant to which it was ordered that the parties were to submit within fifteen days from the date of the decree, findings of fact and conclusions of law, after which the Clerk and Master should prepare an amended and supplemental report with pertinent findings of fact and conclusions of law.

Pursuant to the foregoing decree, the respective parties filed their proposed findings of fact and conclusions of law for consideration by the Master and, thereafter, the Master filed his Supplemental Findings of Fact and Conclusions of Law, as follows:

"*MASTER'S SUPPLEMENTAL FINDING OF FACT AND CONCLUSION OF LAW*

TO THE CHANCELLOR:

Pursuant to the order entered on Minute Book 92, Page 202, I report as follows:

*FINDING OF FACT*

1. That plaintiff at any time was under no commitment from any lending institution for any construction on property in question.

2. That there was no development of the property at any time pertinent to this case, and that said property is now totally undeveloped.

3. That one of the two possible accesses to the property in question was closed.

4. That all future profits, expenses, cost and losses are based on the plaintiff's speculation that an apartment could have been built with certain financial results.

*CONCLUSION*

It is the finding of the Master that the plaintiff's assertion of damages are supported by a speculative foundation and being such, no damages can be awarded the plaintiff.

The Master grants an appeal to the Chancellor.

Respectfully submitted,
RAYMOND L. BARRETT
CLERK AND MASTER
By /s/ Philip D. Baltz
Deputy Clerk and Master"

This was followed by a motion of plaintiff to reject the supplemental report of the Master.

Thereupon, on April 1, 1975, the Chancellor filed the following Memorandum Opinion:

"*MEMORANDUM*

This cause came to be heard on March 28, 1975, upon motion of the plaintiff to reject the report and supplemental report of the Master, and for an order awarding damages to the plaintiff. After argument of counsel the matter was taken under advisement to consider the entire record.

After full consideration the Court will modify the Master's report by making these additional findings:

1. The closing of the street by the defendant did deprive plaintiff of a legal building site.

2. The plaintiff is entitled to recover the fair rental value of the land during the period from April 15, 1973 until April 8, 1974.

3. The Court finds, from all the evidence, that plaintiff is entitled to recover damages in the amount of $12,500.00.

The report of the Master will be further amended by striking the 'conclusion' portion of the report in its entirety.

The parties also submitted to the Court for decision the defense of governmental immunity raised by an amendment to the answer.

The defense of governmental immunity is not available as it is well settled in this State that impairment of the right of land owner's ingress and egress is taking property for which compensation must be paid. *Hamilton County v. Rape*, 101 Tenn. 222.

Mr. Howser should prepare a judgment in accordance with this Memorandum.

/s/  C. Allen High
CHANCELLOR"

The foregoing Memorandum was implemented by a decree duly entered, from which the appeal herein was perfected.

## Our Conclusions

As is seen from the Chancellor's opinion and decree, he held that the Metropolitan Government had wrongfully closed a portion of Surf Drive and enjoined the operation of the ordinance of closing. He also held that plaintiff is entitled to damages for the temporary interruption of the means of ingress and egress and awarded plaintiff $12,500.00 as damages for said temporary closing of the street. Since there was no appeal by the defendant, the question of the allowance of damages based on the reasonable fair rental value of the property for the period of the taking is not subject to review here. Thus, the only question for determination on appeal is as to the amount of damages to which plaintiff is entitled.

The award was made on motion of plaintiff for summary judgment and the right of plaintiff to a summary judgment is not questioned on this appeal.

It is to be noted that counsel for appellant state in their brief that the plaintiff acknowledges damages based on the fair rental value of the property for the period the street was closed is one method of determining the amount of compensation to which the landowner is entitled, citing *Cape*

*Girardeau v. Hunze*, 314 Mo. 438, 284 S.W.2d 471. But plaintiff asserts that the Chancellor was in error in limiting its compensation to this single element in light of the proof of additional loss and damages.

Counsel for plaintiff summarizes the evidence of its expert witnesses upon which its claim for damages over and above the fair rental value is based, stating as follows:

"Plaintiff's expert witnesses testified that in addition to the loss of rental value awarded, plaintiff suffered damages as evidenced by the following elements:

(a) Increase in construction cost—$160,180.00 (Deposition of Harry Hemmerly, R. Col. I, p. 85).

(b) Loss of rental income—$105,520.00 (Deposition of David Knight, R. Vol. I, p. 127).

(c) Loss of interest—$55,556.00 (Deposition of David Knight, R. Vol. I, p. 128).

(d) Loss of cash flow—$23,702.00 per year (Deposition of David Knight, R. Vol. I, p. 126)."

Plaintiff continues by saying that it can never recoup these losses unless the Court awards recovery for these specific elements and, therefore, respectfully requests that plaintiff be restored to its former condition by recovering damages in the amount of $321,256.00.

Counsel for defendant calls especial attention to the report of the Clerk and Master who found:

"1. That plaintiff at no time had a loan commitment from any lending institution for any construction on the property in question.

2. That there was no development of the property at any time pertinent to this case, and that said property is now totally undeveloped.

3. That one of the two possible accesses to the property in question was closed.

4. That all future profits, expenses, cost and losses are based on the plaintiff's speculation that an apartment could have been built with certain financial results."

It appears that these findings of fact by the Master were concurred in by the Chancellor, hence, are conclusive on appeal if supported by any material evidence. *Dale v. Hartman*, 157 Tenn. 50, 6 S.W.2d 319; *Crouch v. Crouch*, 53 Tenn.App. 594, 385 S.W.2d 288. Said findings are supported by ample evidence.

The Chancellor added the following findings in his Memorandum of April 11, 1975:

"1. The closing of the street by the defendant did deprive plaintiff of a legal building site.

2. The plaintiff is entitled to recover the fair rental value of the land during the period from April 15, 1973, until April 8, 1974.

3. The Court finds, from all the evidence that plaintiff is entitled to recover damages in the amount of $12,500.00."

It is, of course, the position of appellant that if Surf Drive had not been abandoned by the passage of Ordinance No. 73–482, the appellant would have built an apartment complex, would have rented apartments therein, and would have realized a profit from its operation. However, it is to be further noted that the property in question was and still is unimproved and whether the appellant would have built the purported apartment is, of course, not certain; appellant had not acquired financing for the project and, although he had negotiated *with* financial institutions about such financing, it had not even reached the stage of an actual application for a loan for such financing.

The proof of appellee was to the effect that even if the proposed project were undertaken by appellant, it would be a speculative venture; that the profits therefrom are uncertain; that completion dates would be affected by availability of materials and labor and that many unforeseen events might affect the success or failure of such an undertaking.

The proof as to the value of the property varies, one estimate being $100,000.00 with a rental figure of 10% of its value per year and while there was no proof introduced as to the potential market for the rental of said property, its market value and rental value are not now subject to review on this appeal.

There is evidence in the record that the construction of the proposed apartment complex came at a time of economic uncertainty with fluctuating interest rates, construction costs and possible material shortages. In short, there is ample evidence in the record to support the conclusion reached by the Master and Chancellor that the elements relied on by appellant to support a claim for damages other than the reasonable rental value are based on speculation and are so uncertain in character that a judgment cannot be reasonably based on same.

As was held in *Anderson-Gregory Co. v. Lea*, 51 Tenn.App. 612, 370 S.W.2d 934, speculative damages cannot be recovered and, as is said in that case:

"Only in a clear case, where proof of profits is devoid of any element of speculation and shows all proper means taken to minimize loss, should recovery be allowed for prospective profits where the contract is informal and nothing has been produced thereunder but only preparation to produce is made."

In *Baker v. Riverside Church of God*, 61 Tenn.App. 270, 453 S.W.2d 801, it was held that a party who had failed to fulfill a contract cannot be held liable for remote, contingent and uncertain consequences, or for speculative or possible results which may have ensued from his breach.

In *Oman Construction Co. v. City of Nashville*, 49 Tenn.App. 171, 353 S.W.2d 97, it was said that under the circumstances of that case, since the amount of capital actually immobilized by reason of delay was not readily susceptible of reduction to a definite amount, interest on invested capital was disallowed, it being further observed:

"Ordinarily, profits that might have been made but for breach of contract are not recoverable, although there are exceptions."

In the early case of *Pettee v. Tenn. Mfg. Co.*, 33 Tenn. (1 Sneed) 380, it was held that the amount which claimant might have realized from running his factory during the delay caused by defendant and other losses occasioned by the idleness of the factory during the delay were merely speculative profits and not subjects upon which claimant could recover.

In *Hurley & Son v. Buchi*, 78 Tenn. (10 Lea) 346, plaintiff purchased potatoes for planting which turned out to be a different kind than they were represented to be. Having suffered loss because his crop did not mature for the early market, he sued for damages and the Court held that he could only recover the difference in value and could not recover speculative damages.

In *Chisholm & Moore Mfg. Co. v. U. S. Canopy Co.*, 111 Tenn. 202, 77 S.W. 1062, it was stated that it is a general rule that expected profits cannot be allowed as damages, where they are uncertain, speculative and contingent, and are dependent upon numerous, uncertain and dangerous contingencies.

In 25 C.J.S. Damages § 26, it is stated:

"The rule, applicable in actions of contract and in actions of tort, is that uncertain, contingent, or speculative damages may not be recovered."

For reasons indicated, it results that the assignment of error is overruled and the judgment of the Chancellor is affirmed.

AFFIRMED.

TODD and DROWOTA, JJ., concur.