IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs Augsut 1, 2017

## KATHRYN J. REITZ v. CITY OF MT. JULIET

**Direct Appeal from the Circuit Court for Wilson County**
**No. 2013-CV-146     John D. Wootten, Jr., Judge**

---

### No. M2016-02048-COA-R3-CV

---

Plaintiff alleged that the City of Mt. Juliet breached a settlement agreement with her by violating a non-disparagement agreement. Because Plaintiff failed to prove the existence of damages, summary judgment was appropriate.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and THOMAS R. FRIERSON, II, JJ., joined.

Robert D. MacPherson, Lebanon, Tennessee, for the appellant, Kathryn J. Reitz.

Keith W. Blair and Charles Stephen Michels, II, Nashvlle, Tennessee, for the appellee, City of Mt. Juliet.

### OPINION

### I.  BACKGROUND

The Wilson County Circuit Court granted summary judgment in favor of Appellee, the City of Mt. Juliet, and Plaintiff/Appellant Kathryn J. Reitz appeals.

Ms. Reitz and the City entered into a settlement agreement in January 2010 that contained a non-disparagement agreement and required the City to provide neutral employment verifications.  Ms. Reitz began working for the Transportation Security Administration on January 30, 2012.  On or around February 7, 2012, the City provided the TSA, through the United States Office of Personnel Management, with information that Ms. Reitz claims violated the non-disparagement agreement.

Ms. Reitz filed a complaint in the Circuit Court of Wilson County, Tennessee in March 2013, alleging that the City breached its contract with her "by making disparaging remarks about [her] to prospective employers and by giving distinctly negative, and not neutral, employment verifications." During the course of the litigation, Ms. Reitz amended her complaint multiple times, and she ultimately proceeded on two claims: breach of contract and negligent supervision.

The City filed a motion for summary judgment. For purposes of the motion for summary judgment only, the City conceded that the contract was breached and that a duty had been breached. However, it argued Ms. Reitz failed to establish the existence of damages. The City argued that the TSA hired Ms. Reitz, she was not demoted, nor did she suffer a reduction in pay or any change in work schedule or job duties as a result of the City's allegedly disparaging employment verification. While Ms. Reitz testified in her deposition that she previously sought employment elsewhere, the City asserted that she could not provide any proof that any potential employers declined to hire her as a result of information from the City.

When Ms. Reitz responded to the City's motion for summary judgment, she admitted that her employment with the TSA was not negatively impacted by the City's disparaging remarks. She admitted that she did not know of any occasion other than the TSA form when any City employee provided anything other than a neutral employment verification to any prospective employer. Ms. Reitz also admitted that she did not have any written documentation that verified that she lost any income or did not obtain any employment opportunities because of comments made by the City. However, she argued that a finder of fact should be allowed to "draw the reasonable inference from the entirety of the circumstances" that, since the City disparaged her to one employer, it "more likely than not, disparaged [her] to other prospective employers."

After a hearing, the trial court granted the City's motion for summary judgment, finding that Ms. Reitz failed to provide sufficient evidence of the existence of damages. This timely appeal followed.

## II. ISSUES

Ms. Reitz raises the following issue on appeal, as we have slightly restated it:

Did the trial court err in granting summary judgment to the City on the basis that the Plaintiff's responsive filings failed to demonstrate the existence of a material issue of fact with respect to the issue of damages?

## III. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo without a presumption of correctness. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015)(emphasis in original). When a motion for summary judgment is properly supported as provided in Tennessee Rule of Civil Procedure 56, in order

> to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial."

*Id.* at 265 (quoting Tenn. R. Civ. P. 56.06) (emphasis in original). "[S]ummary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial." *Id.* (citing Tenn. R. Civ. P. 56.04, 56.06).

## IV. DISCUSSION

As it was before the trial court, Ms. Reitz's argument on appeal is that, while she may be unable to "point to a specific prospective employer that denied her employment as a result of the giving of a negative employment reference," the City "ignores the rightful ability of the trier-of-fact to draw the reasonable inference from the entirety of the circumstances surrounding the disparaging of Ms. Reitz by the City to one prospective employer that the City, more likely than not, disparaged Ms. Reitz to other prospective employers."

In a breach of contract case, damages are "nothing more than payment in money for actual losses caused by the breach of contract." *Custom Built Homes v. G.S. Hinsen Co.*, No. 01A01-9511-CV-00513, 1998 WL 960287, at *4 (Tenn. Ct. App. Feb. 6, 1998). However, a plaintiff is not entitled to recover damages that are uncertain, contingent, or

speculative. *See Moore Constr. Co. v. Clarksville Dep't of Elec.*, 707 S.W.2d 1, 15 (Tenn. Ct. App. 1985); *Maple Manor Hotel, Inc. v. Metro. Gov't of Nashville and Davidson Cnty.*, 543 S.W.2d 593, 599 (Tenn. Ct. App. 1975). A review of the evidence presented to the trial court, including Ms. Reitz's deposition and her affidavit, reveals that the only evidence presented to support her claim are her own opinions and conclusory, speculative statements. However, Tennessee Rule of Civil Procedure 56.06 requires a party to submit "such facts as would be admissible in evidence." Under Tennessee Rule of Evidence 602, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In her deposition, the City's counsel asked Ms. Reitz whether she was declined for employment because of any comments from the City. Ms. Reitz admitted that she was unable to prove any such situations. As a result, Ms. Reitz failed to present competent evidence – facts that would be admissible in evidence – to establish damages or to dispute the City's statement of undisputed facts. Therefore, summary judgment was appropriate.

Ms. Reitz also argues that the trial court failed to consider the "new elements of damages prayed for in the breach-of-contract action: impairment of her reputation and standing in the community, personal humiliation, and mental anguish and suffering." However, as the City correctly points out, with few exceptions, "[i]n Tennessee, the general rule is that there can be no recovery of damages for mental anguish occasioned by a breach of contract." *Kindred v. Nat'l Coll. of Bus. and Tech., Inc.*, No. W2014-00413-COA-R3-CV, 2015 WL 1296076, at *11 (Tenn. Ct. App. Mar. 19, 2015), *perm. app. denied* (Tenn. Aug. 13, 2015). As this Court said in *Hampton v. Macon County Board of Education,* No. M2013-00864-COA-R3-CV, 2014 WL 107971, at *10 (Tenn. Ct. App. January 10, 2014),

> Mr. Hampton fails to cite any authority for his assertion that he can claim loss of reputation as a result of an alleged breach of contract. From our research it appears that such damages are usually not favored. *See* 22 Am.Jur.2d Damages § 61 ("A plaintiff cannot recover for damage to its reputation arising out of an alleged breach of contract."); 30 C.J.S. Employer–Employee § 130 ("In an action for wrongful discharge in breach of contract, damages are not recoverable for noneconomic loss. Such losses include injury to reputation, goodwill, or health, or for physical pain and suffering, or mental or emotional distress or suffering.") (footnotes omitted); 24 Williston on Contracts § 66:4 (4th ed. 2013) ("[T]he courts are in agreement that consequential damages for harm to reputation are not recoverable [in a breach of contract action], because they are altogether nonquantifiable and speculative."); *but see* 96 A.L.R.3d 437, § 2 (noting that special damages for harm to reputation are sometimes allowed in

contracts involving those in the literary, artistic, or entertainment fields); 24 Williston on Contracts § 66:4 (providing that a wrongfully discharged professional employee "may recover consequential damages for the loss of 'identifiable professional opportunities;'" however, noting that the employee must "allege[ ] and prove[ ] with specificity that the defendant's breach actually adversely influenced or affected future job opportunities").

While Ms. Reitz claims she is entitled to these damages, she provided no authority to the trial court to support her assertion that these are damages available in a case like the case at bar. We likewise find no authority for these damages in this case, and the trial court properly granted summary judgment.

## V. CONCLUSION

For the aforementioned reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Kathryn J. Reitz, and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE